ACUSHNET HOSPITAL ASSOCIATION *vs.* TOWN OF ACUSHNET. October 29, 1945. Appeal dismissed. This action of contract was brought in a District Court. There was a finding for the plaintiff. Upon a report to the Appellate Division the finding was vacated and a new trial for the assessment of damages ordered. The plaintiff claimed an appeal and the appeal has been entered in this court. The decision of the Appellate Division was not a "final decision" from which alone an appeal to this court lies. A new trial must be had before the case can be brought here. The appeal must be dismissed. G. L. (Ter. Ed.) c. 231, § 109. *Real Property Co. Inc.* v. *Pitt*, 230 Mass. 526. *Demers* v. *Scaramella*, 252 Mass. 430. *Cunniff* v. *Cleaves*, 288 Mass. 325. *Robinson* v. *Wm. Brown & Sons Co.* 301 Mass. 316. *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125–126.

*G. H. Young*, for the plaintiff.

*F. F. Resendes*, for the defendant, submitted a brief.

NANCY GIBLIN *vs.* LINCOLN PARK AMUSEMENT CO. October 29, 1945. Exceptions overruled. This action of tort was brought in the Superior Court by the plaintiff by her next friend to recover compensation for personal injuries. There was evidence that the plaintiff sustained such injuries when she was six years old. The jury returned a verdict in the amount of $5,000. The defendant filed a motion for a new trial on the ground that the "damages awarded are excessive." and to "prevent a miscarriage of justice." The judge, after hearing, denied the motion. He made no specific ruling of law and no such ruling was requested. The defendant excepted to the denial of this motion. Its sole contention relates to the amount of the damages awarded. The disposition of the motion was within the sound judicial discretion of the judge, and his exercise of discretion in denying the motion cannot be revised on exception unless there was an "abuse of discretion" amounting to error of law. *Bartley* v. *Phillips*, 317 Mass. 35, 43–44. Examination of the evidence upon the issue of damages — which need not be recited — does not disclose that the amount of the verdict, though large, was so clearly disproportionate to the injuries sustained that "no conscientious judge, acting intelligently, could honestly" have permitted the verdict to stand by denying the motion for a new trial. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482, 502. *Kinnear* v. *General Mills, Inc.* 308 Mass. 344, 348–349. Consequently, it cannot rightly be said that there was "abuse of discretion" amounting to error of law.

The case was submitted on briefs.

*A. Margolis*, for the defendant.

*W. A. Torphy*, for the plaintiff.