RALPH H. HALL *vs.* DOMINIC P. OPACKI.

Middlesex.    December 13, 1972. — January 17, 1973.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Practice, Civil,* Action transferred to District Court; Appellate Division: appeal.

Where it appeared that an action was transferred to a District Court for trial pursuant to G. L. c. 231, § 102C, that following a decision by the Appellate Division ordering judgment for the defendant the plaintiff appealed to the Supreme Judicial Court, that the defendant moved in the District Court to dismiss such appeal, that more than ten days after receiving notice of the decision of the Appellate Division the plaintiff filed a motion to retransfer the action to the Superior Court for trial, and that the District Court allowed both motions, it was held that the period of ten days for a request to retransfer the action from the District Court to the Superior Court ran from the date of notice of the District Court's dismissal of the plaintiff's appeal to the Supreme Judicial Court, and that his motion to retransfer was timely. [59-61]

CONTRACT. Writ in the Superior Court dated March 4, 1970.

Upon transfer to the District Court and subsequent retransfer to the Superior Court, a motion to dismiss the action was heard by *Tomasello,* J.

*Frederick J. Conroy* for the plaintiff.

*Charlotte Anne Perretta* for the defendant.

GRANT, J.    This action of contract was commenced in the Superior Court and from there transferred to a District Court for trial under the provisions of G. L. c. 231, § 102C, as most recently amended by St. 1967, c. 778. The District Court, after trial, entered a finding for the plaintiff, but the Appellate Division, by a decision filed in the District Court on December 27, 1971, vacated that finding and ordered the entry of judgment for the defendant. The plaintiff received notice of that decision on December 28, 1971, and, on December 31, 1971, filed a claim of appeal to the Supreme

Judicial Court from the decision of the Appellate Division. The plaintiff seasonably gave an order for the preparation of the necessary papers for transmission to the Supreme Judicial Court. See G. L. c. 231, § 109 and § 135, as amended.

On January 13 (or 17), 1972, the defendant filed in the District Court a motion to dismiss the plaintiff's appeal to the Supreme Judicial Court.[1] On January 19 (or 28), 1972, the plaintiff filed in the District Court a "motion" to retransfer the case to the Superior Court.[2] On February 2 (or 7), 1972, the District Court allowed both the defendant's motion to dismiss the appeal and the plaintiff's "motion" to retransfer. Following such retransfer the defendant moved in the Superior Court to dismiss the action on the ground that the plaintiff had not filed a timely request for retransfer in the District Court. The case is before this court on the plaintiff's exception to the action of the Superior Court in allowing the defendant's motion to dismiss.

General Laws c. 231, § 102C, provides that a party to a case transferred to a District Court under that section who is aggrieved by the finding or decision of the District Court may have the case retransferred to the Superior Court for determination by that court if he files a "request for . . . retransfer . . . with the clerk of said district court within ten days after notice of the finding or decision" of the District Court. That section contains no provision for appellate review of a finding or decision of the District Court. However, the applicable procedure formulated by the Supreme Judicial Court in the case of *Lubell* v. *First National Stores, Inc.* 342 Mass. 161, 165-166, and in

---

[1] There are certain minor discrepancies between and among dates recited in the bill of exceptions, dates appearing on the papers reproduced in the record before us and dates stated on the docket entries transmitted from the Superior Court. In our view nothing turns on such discrepancies.

[2] A retransfer under § 102C may be implemented "as of right" by the timely filing in the District Court of a simple "request for retransfer," and no approval of such action by that court is required. It is fairly inferable that the plaintiff's "motion" in this case was prompted by the filing of the defendant's motion to dismiss the appeal to the Supreme Judicial Court and that the plaintiff desired a retransfer only in the event that his appeal should be dismissed by the District Court.

subsequent cases contemplates (1) that review of such a finding or decison may be had before the Appellate Division on a report under G. L. c. 231, § 108, as amended, (2) that no appeal shall be taken to the Supreme Judicial Court under G. L. c. 231, § 109, from a decision of the Appellate Division, (3) that a party claiming to be aggrieved by a final decision of the Appellate Division may have the case retransferred to the Superior Court for determination by that court if he files a "request for retransfer . . . within ten days after the notice of the decision or finding following the final disposition of the case by the Appellate Division" (*Heil* v. *McCann,* 360 Mass. 507, 510, 512, fn. 1), (4) that at the ensuing trial in the Superior Court that court shall examine the record of the trial in the District Court and shall pass on the admissibility in evidence of the decision of the District Court, as that decision may have been affected by the final disposition of the case by the Appellate Division (*Henry* v. *Mansfield Beauty Academy, Inc.* 353 Mass. 507, 508-509; *Miller* v. *Commonwealth Motor Hotels, Inc.* 358 Mass. 823), and (5) that the action of the Superior Court in admitting or excluding the decision of the District Court may thereafter be reviewed on a bill of exceptions filed under G. L. c. 231, § 113, as amended. *Heil* v. *McCann,* 360 Mass. 507, 510.

It is the defendant's position that the Superior Court properly dismissed the action for the reasons that the plaintiff in this case did not file a request for retransfer within the ten-day period following notice of the decision of the Appellate Division (step [3] above) but departed from the contemplated procedure by filing a claim of appeal directly to the Supreme Judicial Court from the decision of the Appellate Division (see step [2] above), that such departure did not have the effect of tolling said ten-day period, and that the District Court was without power to permit a retransfer on a motion (or request) not filed until after the expiration of said period.

We believe the flaw in the defendant's reasoning lies in the fact that the Supreme Judicial Court had jurisdiction over the plaintiff's appeal from the decision of the Appel-

late Division and, but for the action of the District Court in dismissing that appeal,[3] could have entertained the appeal and passed on the propriety of the action of the Appellate Division in ordering judgment for the defendant. If the appeal had reached the Supreme Judicial Court and that court had chosen to review the action of the Appellate Division, its decision would have had the same effect as a decision by the Appellate Division, and a new ten-day period would have started to run within which the plaintiff could have filed in the District Court a timely request for retransfer to the Superior Court. *Heil* v. *McCann,* 360 Mass. 507, 510, 512, fn. 1.

For this reason we are of opinion that the present case should be likened to the ordinary instance under § 102C in which a party has lost an otherwise viable appeal as the result of understandable mistake, that, as in the case of *McGloin* v. *Nilson,* 348 Mass. 716, 718-719, a new ten-day period should be considered to have run from the date of notice of the District Court's dismissal of the plaintiff's appeal to the Supreme Judicial Court, that the plaintiff's motion (request) for retransfer to the Superior Court was timely filed in the District Court, and that the Superior Court erred in dismissing the action.

*Exceptions sustained.*

---

[3] Neither party has addressed himself, nor do we, to the question of the power of the District Court to dismiss the plaintiff's appeal to the Supreme Judicial Court. We note, however, that the only reference to any such power appears in the last sentence of G. L. c. 231, § 109, which permits the Appellate Division to vacate an appeal to the Supreme Judicial Court if the appellant fails duly to perfect or enter his appeal.