MICHAEL ORASZ *vs.* COLONIAL TAVERN, INC.
(and two companion cases[1]).

Suffolk.    September 21, 1973. — April 19, 1974.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Practice, Civil,* Removal of case to Superior Court; Appellate Division: appeal, decision.

Where, in an action in a District Court with an ad damnum not exceeding $2,000, there was a finding for the plaintiff and a report to the Appellate Division, the defendant lost its right to remove the action to the Superior Court for jury trial under G. L. c. 231, § 104, as amended by St. 1965, c. 377, by appealing to the Supreme Judicial Court from an adverse decision of the Appellate Division without taking steps so to remove the action within ten days after notice of the Appellate Division's decision. [134-140]

TORT. Writ in the Municipal Court of the City of Boston dated March 16, 1970.

A motion to direct the clerk of the Municipal Court to

---

[1] The two companion cases are a petition for a writ of prohibition and a petition for a writ of certiorari, respectively, in each of which Michael Orasz seeks to prevent the removal of an action of tort brought by him against the Colonial Tavern, Inc., from the Municipal Court of the City of Boston to the Superior Court. Both cases were brought before a single justice of this court who ordered them consolidated for trial and then reserved and reported them, without decision, for determination by the full court on the pleadings and a case stated. The action of tort and the proceedings therein are the subject of the principal case and will be discussed at length in this opinion. Since the two cases reserved and reported by the single justice are only ancillary to the tort action, we do not discuss them further as separate proceedings.

remove the action to the Superior Court was heard by *Gorrasi,* J.

TWO PETITIONS filed in the Supreme Judicial Court for the county of Suffolk on April 26, 1973, and May 15, 1973, respectively.

The cases were reserved and reported by *Wilkins,* J.

*John M. Mullen* for Michael Orasz.

*Thomas C. Cameron* for Colonial Tavern, Inc.

*Robert H. Quinn,* Attorney General, *& Lawrence T. Bench,* Assistant Attorney General, for the Justices of the Municipal Court of the City of Boston & another.

QUIRICO, J.    The first of these three cases is an action of tort for assault and battery in which Michael Orasz (plaintiff) alleges that while he was a patron in the tavern owned by Colonial Tavern, Inc. (defendant), he was beaten with a blackjack and kicked by a bartender employed by the defendant to maintain order and decorum. The question presented for our decision by all three cases now before us is whether the defendant is entitled to remove the tort action to the Superior Court for trial de novo under G. L. c. 231, § 104, as amended by St. 1965, c. 377.[2] The proper consideration of this question requires a review of the now prolonged and somewhat complicated procedural developments in the tort action.

The tort action was started by a writ returnable to the Municipal Court of the City of Boston on April 6, 1970, and bearing an ad damnum of $2,000. Since the ad damnum did not exceed $2,000, the third paragraph of G. L. c. 231, § 104, required that "the case shall be tried in the district court and [that] the defendant shall, if . . . [it] desires trial by the superior court . . . [take the required action to remove it

---

[2] The pertinent portion of G. L. c. 231, § 104, is as follows: "If the ad damnum in the writ does not exceed two thousand dollars, the case shall be tried in the district court and the defendant shall, if he desires trial by the superior court, file said entry fee and bond [for removal to the superior court] within ten days after notice of the decision or finding. Such filing shall have the same effect as a request for retransfer under section one hundred and two C, and the decision shall be transmitted to and the case tried in the superior court subject to the provisions of said section one hundred and two C applicable to retransferred cases."

thereto] within ten days after notice of the decision or finding."[3]

The case was tried before a judge of the Municipal Court on October 19, 1971, and he reserved decision thereon. On October 20, 1971, the plaintiff filed and the court allowed a motion to increase the ad damnum to $10,000. On October 26, 1971, the judge found for the plaintiff in the sum of $3,660. The defendant did not then take action to remove the case to the Superior Court as permitted by G. L. c. 231, § 104, but instead perfected a report to the Appellate Division, pursuant to G. L. c. 231, § 108 (as amended through St. 1967, c. 852, § 2), contending that as a matter of law its bartender was not acting within the scope of his employment when he assaulted and beat the plaintiff. The case was heard by the Appellate Division which, on December 9, 1971, ordered that the report be dismissed. The defendant did not then take action to remove the case to the Superior Court, but instead filed a claim of appeal to this court pursuant to G. L. c. 231, § 109, as amended. On November 6, 1972, we affirmed the order of the Appellate Division dismissing the report. *Orasz* v. *Colonial Tavern, Inc.* 362 Mass. 881, 882 (1972). The rescript from this court on that decision was filed in the Municipal Court on November 8, 1972. The question whether the appeal was premature was neither raised by the parties nor considered or discussed by this court in its rescript opinion.

On November 13, 1972, the defendant for the first time filed in the Municipal Court the documents required for the removal of the case to the Superior Court under G. L. c. 231, § 104, as amended, and when the clerk refused to act thereon the defendant filed a motion to compel the clerk to do so. The motion was heard and denied by a judge of that

---

[3] General Laws c. 231, §§ 102C, 103, and 104, relating to removals or transfers of cases between the District Courts and the Superior Court apply to the Municipal Court of the City of Boston by virtue of the combined effect of G. L. c. 231, §§ 141 and 143. Unless we are discussing some step in the proceedings in this particular case, we shall refer to the "District Court" in our discussion of these removal statutes.

court on the same date. The defendant perfected a report to the Appellate Division, contending that the denial of the motion was error. The case was heard by the Appellate Division which, on April 24, 1973, directed the clerk of the Municipal Court to remove the case to the Superior Court. On April 25, 1973, the defendant again filed in the Municipal Court the documents required for the removal of the case. On the same date the plaintiff appealed to this court from the order of the Appellate Division.[4] This is the appeal now before us.

The sole issue presented by the appeal is whether, in a case entered in the District Court with an ad damnum not exceeding $2,000 which is tried in the District Court and then reported to the Appellate Division, a party loses his right to transfer the case thereafter to the Superior Court by appealing to the Supreme Judicial Court from an adverse decision of the Appellate Division without filing a request for such transfer within the statutory time limit. We hold that a party does lose his right of transfer in these circumstances.

It is clear that at the outset the defendant was entitled to a trial by jury in the tort action brought against it by the plaintiff, and that such a trial was available only in the Superior Court. However, while "[i]t is familiar law that the right of trial by jury secured by art. 15 of the Declaration of Rights is sacred and must be sedulously guarded against every encroachment, yet it may be regulated as to the mode in which the right shall be exercised so long as such regulation does not impair the substance of the right." *H. K. Webster Co.* v. *Mann*, 269 Mass. 381, 385 (1929). General Laws c. 231, § 104, is an example of such regulation. Under its provisions the defendant was not permitted to remove the case to the Superior Court until after

---

[4] On April 26, 1973, the plaintiff filed the petition for a writ of prohibition described in fn. 1 of this opinion; on May 15, 1973, he filed the petition for a writ of certiorari described in the same footnote. By virtue of a stipulation in lieu of a restraining order on the petition for a writ of prohibition, the clerk of the Municipal Court has taken no steps to remove the original action of tort from that court to the Superior Court.

it was first tried in the Municipal Court, and it was thereafter required to exercise the right of removal "within ten days after notice of the decision or finding" in the Municipal Court. The defendant did not comply with the ten day filing requirement; it elected instead to carry questions of law to the Appellate Division of the District Court, thus claiming a right recognized with respect to a statute similar to § 104 by our decision in *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161 (1961).

In the *Lubell* case, *supra*, the court was concerned with the construction of G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3, and amended thereafter. This statute permits the Superior Court to transfer for trial in a District Court any action of tort or contract in which it determines that there is no "reasonable likelihood" that, if the plaintiff were to prevail, recovery would exceed $2,000;[5] and it further provides that a party aggrieved by the finding or decision of the District Court may of right have the case retransferred to the Superior Court for trial by filing a request to do so within ten days after notice of such finding. We stated that § 102C required that for any case tried in the District Court under its provisions, "there must be a report of questions of law to the Appellate Division," and concluded that it was only "[a]fter final disposition in the District Court, including review of all questions of law by the Appellate Division if a report or reports be sought, [that] the case would be ready for retransfer by the District Court to the Superior Court." 342 Mass. at 164-165. Thereafter, in *McGloin* v. *Nilson*, 348 Mass. 716, 718-719 (1965), we held that in a case transferred to the District Court under § 102C, the statutory ten day period for requesting retransfer of the case to the Superior Court began to run on the final disposition by the Appellate Division of any review sought of the District Court's finding.

---

[5] At the time of the *Lubell* case itself § 102C provided for the transfer of cases where there was no "reasonable likelihood" that the plaintiff's recovery would exceed $1,000; however, the later amendment increasing this amount has no bearing on our construction of § 102C in that case.

The defendant argues that the reasoning and holding of
the *Lubell* case, *supra,* and the *McGloin* case, *supra,* and
the appellate procedure suggested therein for cases gov-
erned by G. L. c. 231, § 102C, are equally applicable to
cases governed by G. L. c. 231, § 104. We agree. The similar
provisions of the latter section for a trial in the District
Court and for a subsequent transfer to the Superior Court
and its requirement that a case so transferred be treated in
the same manner as a retransferred case under § 102C
convinces us that we should also apply the language and
the time schedule of the *Lubell* and *McGloin* cases to those
arising under G. L. c. 231, § 104. The result is that in this
proceeding the defendant had a second opportunity to
exercise its right to remove its case to the Superior Court,
provided, however, it did so within ten days after notice of
the decision of the Appellate Division dismissing its first
report. As noted, the defendant failed, within that ten day
period, to take any of the steps necessary to remove the case
to the Superior Court. "Failure in the performance of any
one of these essential prerequisites deprives the defendant
of . . . [its] right to removal of the case." *H. K. Webster Co.*
v. *Mann,* 269 Mass. 381, 384 (1929). The defendant thus
lost its right of removal by reason of its failure to comply
with the reasonable statutory limitations on the exercise of
the right.

The defendant seeks to avoid the conclusion just stated
by pointing out that in several cases governed by G. L.
c. 231, § 102C, this court has departed "as a matter of
discretion, from the procedure established in *Lubell, supra,*
by hearing direct appeals from the decision of the appellate
division prior to removal to the Superior Court," and cites
*Heil* v. *McCann,* 360 Mass. 507 (1971). It then argues that
we have equal discretion to hear a similar direct appeal in a
case governed by § 104, and that we did so in this case when
we first considered it. Finally, the defendant appears to
suggest that what this court did as a matter of discretion in
the *Heil* case has somehow become a precedent entitling it
to the same treatment. It attempts to support this argu-
ment by the statement that "[t]he Appeals Court, relying

on footnote 1 in *Heil,* . . . recognized the practice in *Hall* v. *Opacki,* . . . [        Mass. App. Ct.        (1973)ᵃ], and . . . in *Consolo* v. *Massachusetts Bay Transp. Authy.* . . . [ Mass. App. Ct.        (1973)ᵇ]."⁶

We stated in the *Lubell* case, *supra,* that "a case under § 102C is not subject to appeal under c. 231, § 109, and can be brought to this court only (1) after final disposition by the Appellate Division, if such disposition be sought, *and* (2) after trial in the Superior Court upon retransfer" (emphasis supplied). 342 Mass. at 165-166. Despite that statement, we acknowledge that in *Heil* v. *McCann,* 360 Mass. 507 (1971), we indulged in the discretionary practice noted by the defendant by considering the case on appeal from the Appellate Division before a trial in the Superior Court. In our opinion in that case we noted "at the outset the fact that the appeal is before us prematurely," and then added: "The fact that the appeal is premature was not brought to our attention by counsel, who have fully argued the case on the merits. The defect is not strictly jurisdictional . . .. In order to save the time of other courts and of ourselves in this matter, therefore, we proceed to the merits." *Id.* at 510, 511. After discussing the merits we concluded that the report to the Appellate Division should be dismissed. We then further exercised our discretion by stating in a footnote that "[a] request for retransfer to the Superior Court may be made by the defendant within ten days after notice of the decision or finding following the final disposition of the case by the Appellate Division," citing *McGloin* v. *Nilson,* 348 Mass. 716, 719 (1965). 360 Mass. at 512, fn. 1.

---

ᵃ 294 N. E. 2d 489.

ᵇ 296 N. E. 2d 718.

⁶ In the *Hall* case the Appeals Court said: "[T]he Supreme Judicial Court had jurisdiction over the plaintiff's appeal from the decision of the Appellate Division and . . . could have entertained the appeal and passed on the propriety of the action of the Appellate Division in ordering judgment for the defendant. If the appeal had reached the Supreme Judicial Court and that court had chosen to review the action of the Appellate Division, its decision would have had the same effect as a decision by the Appellate Division, and a new ten-day period would have started to run within which the plaintiff could have filed in the District Court a timely request for retransfer to the Superior Court," citing the *Heil* case. *Id.* at        (294 N. E. 2d at 491).

Furthermore, as the defendant also points out, it appears that even in the present case this court probably engaged in the discretionary practice of entertaining a premature appeal from the Appellate Division decision before the defendant availed itself of its right to a trial in the Superior Court. *Orasz* v. *Colonial Tavern, Inc*. 362 Mass. 881 (1972). If we did so, it was because, as was true in the *Heil* case, neither party raised the question and the question did not come to the attention of the court in any other way. In any event, it should be emphasized that in deciding that appeal we made no reference to any new right of the defendant to remove the case to the Superior Court after our decision.

This is not the first time this court has been reminded that in other cases it has seen fit to consider exceptions or appeals prematurely presented to it. It happened in *Weil* v. *Boston Elev. Ry.* 216 Mass. 545 (1914), where we listed a number of cases which the appealing party said had been decided although involving only interlocutory matters, and where we then said: "But in no one of the cases was the question of practice discussed. Having been decided upon other points, without adverting to the point of practice, and without its being raised by either party, and without the jurisdiction of the court being affected, they cannot be regarded as modifying the general rule of practice so early announced, so frequently reiterated and so constantly followed, and so manifestly in the interest of parties litigant and the general public, as the rule that exceptions will not be considered until the case is ripe for final judgment. The rule of practice as to when exceptions may be presented for argument in this court ought to be simple, capable of being easily understood and not likely to be open to doubt in application. The one just stated possesses all these elements. It is more important to preserve it than to break in upon it for the purpose of doing what may appear to be desirable in a single case and thereby work confusion in many other cases." 216 Mass. at 549. For a later exhaustive discussion of the rule that this court is not required to entertain premature appeals from interlocutory decisions

of lower courts, see *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125-129 (1939).

It has long been established that when an Appellate Division orders that there be a new trial of an action pending in a District Court, that is not a final decision which the parties are entitled to have reviewed by this court before the new trial is held. *Real Property Co. Inc.* v. *Pitt,* 230 Mass. 526, 527-528 (1918). *Demers* v. *Scaramella,* 252 Mass. 430, 431 (1925). *Robinson* v. *Wm. Brown & Sons Co.* 301 Mass. 316 (1938). *Weiner* v. *Pictorial Paper Package Corp.* 303 Mass. 123, 125-129 (1939). *Acushnet Hosp. Assn.* v. *Acushnet,* 318 Mass. 781 (1945). *Via* v. *Asbestos Textile Co. Inc.* 335 Mass. 210, 212 (1957). *Alves* v. *Picard,* 337 Mass. 77, 78-79 (1958). The result is the same here, where after the decision of the Appellate Division, the defendant had the right to obtain a trial de novo in the Superior Court. It was not entitled, as a matter of right, to bring its case to this court before having its trial in the Superior Court. The fact that it brought the appeal prematurely and that we entertained the appeal did not in any way prevent the operation of the law which limited the defendant's right to remove the case to the Superior Court to the period of ten days after the Appellate Division's decision. It did not remove the case in that time and it therefore lost its right to do so thereafter.

In summary we conclude (a) that a party to a case which has been tried in the District Court by virtue of the requirement of G. L. c. 231, § 104, and who is aggrieved by a decision of the Appellate Division after a report of the case thereto has the right, within ten days after the decision by the Appellate Division, to remove the case to the Superior Court; (b) that such a party does not have the right to appeal to this court from a decision of the Appellate Division before the retrial of the case in the Superior Court (see G. L. c. 231, § 109, and G. L. c. 211A, § 10, inserted by St. 1972, c. 740, § 1); and (c) that if, despite our conclusion stated in (b) above, such a party nevertheless attempts to appeal to this court, the taking of such appeal, whether this

court acts on it as a matter of discretion or refuses to entertain it, does not operate to extend the ten day period during which the party is permitted to remove the case to the Superior Court after the decision of the Appellate Division.

The lengthy proceedings in this case suggest that a good deal of confusion has apparently resulted from the discretionary entertainment of premature appeals by this court in *Lubell* v. *First Natl. Stores, Inc., supra,* and *Heil* v. *McCann, supra,* and in the present case when it was first before us (*Orasz* v. *Colonial Tavern, Inc., supra*), and later by the Appeals Court in *Hall* v. *Opacki, supra.* Such confusion indicates the desirability of a more strict application of the basic rule limiting the right of appellate review to cases which are otherwise ready for the entry of final judgment, unless interlocutory review is expressly authorized by statute.[7] Litigants cannot assume that this court will exercise its discretionary power to entertain premature appeals as either a substitute for or in addition to procedures prescribed by statutes as conditions precedent to obtaining appellate review.

We therefore reverse the Appellate Division's order of April 24, 1973, directing the clerk of the Municipal Court to remove the tort action to the Superior Court. Judgment is to be entered for the plaintiff in the Municipal Court on the judge's finding in his favor dated October 26, 1971. The plaintiff's petition for a writ of prohibition and his petition for a writ of certiorari are to be dismissed by a single justice of this court.

*So ordered.*

---

[7] For examples of statutes expressly authorizing appellate review of interlocutory findings, orders or decisions see G. L. c. 231, § 111, relating to civil cases, and G. L. c. 278, §§ 28E and 30A, relating to criminal cases.