ARMAND A. FUSCO & another[1] vs. THE SPRINGFIELD
REPUBLICAN COMPANY.

Hampden.    March 7, 1975. — June 3, 1975.

Present: TAURO, C.J., QUIRICO, BRAUCHER, HENNESSEY, & KAPLAN, JJ.

*Practice, Civil,* Appellate Division: appeal; Action transferred to
District Court.

An appeal to this court did not lie under G. L. c. 231, § 109, from
a decision and order of the Appellate Division in an action tried
and reported by a District Court upon transfer from the Superior
Court pursuant to c. 231, § 102C, as amended through St. 1967,
c. 778, in the absence of a retransfer to and a trial in the Superior
Court.    [904-906]

TORT.    Writ in the Superior Court dated February 10,
1971.

Upon transfer to the District Court of Western
Hampden, the action was heard by *Donohue, J.*

The case was submitted on briefs.

*Donald P. Conway* for the plaintiffs.

*Frederick S. Pillsbury* for the defendant.

QUIRICO, J.    The plaintiffs entered this action of tort
for libel against the defendant company in the Superior
Court on April 5, 1971, and requested a trial by jury.
After the defendant had filed an answer and other plead-
ings, a judge of the Superior Court, acting pursuant to
G. L. c. 231, § 102C, inserted by St. 1958, c. 369, § 3,
and as amended through St. 1967, c. 778, ordered the
case transferred to a District Court for trial.

The case was tried in the District Court where the
judge made various rulings of law and found for the de-

---

[1] The other plaintiff is the Parkside School, Incorporated.

fendant on the first two counts of the declaration and for the plaintiff Fusco in the sum of $50,000 on the third count. The defendant having seasonably acted to save its rights caused the decision and rulings of the trial judge to be reported to the Appellate Division where the case was argued on June 17, 1974. All of the proceedings described to this point occurred prior to July 1, 1974, when the new Massachusetts Rules of Civil Procedure and Massachusetts Rules of Appellate Procedure took effect.

On October 7, 1974, the Appellate Division filed a decision holding that the trial judge had committed error as to the third count, and also filed an order vacating the finding for the plaintiff on that count and for entry of a finding for the defendant thereon. Neither the decision nor order purported to affect the previous findings for the defendant on the first two counts of the declaration.

Thereafter the plaintiffs, apparently assuming that they were entitled to appellate review by this court on the decision and order of the Appellate Division, filed a notice of appeal and took other steps prescribed by the Rules of Appellate Procedure for perfecting such an appeal. Counsel on both sides filed briefs addressed to the full court and submitted the case without oral arguments. The brief of the plaintiffs argues only the issue of the alleged error by the Appellate Division in reversing the District Court decision on the third count. While the brief of the defendant also argues that issue, it starts by raising and arguing the issue whether this case is properly before us for appellate review. For the reasons discussed below, we hold that it is not, and that the appeal should be dismissed.

General Laws c. 231, § 102C, as amended, provides that after a case which has been transferred thereunder from the Superior Court to a District Court has been tried and decided in the District Court, "[a]ny party . . . aggrieved by the finding or decision may as of right have the case retransferred for determination by the superior court . . . [and that the] request for retransfer . . . shall be

filed with the clerk of said district court within ten days after notice of the finding or decision." Neither the plaintiffs nor the defendant filed such a request for a retransfer of the case to the Superior Court at any time. However, the defendant instead requested a report to the Appellate Division as noted above, as was its right as decided by this court in *Lubell* v. *First Natl. Stores, Inc.* 342 Mass. 161 (1961).

After receiving notice of the decision and order of the Appellate Division the plaintiffs had another opportunity to request the retransfer of their case to the Superior Court by filing a request therefor within ten days. They did not avail themselves of that opportunity but instead attempted to appeal directly to this court under the provisions of G. L. c. 231, § 109. Such an appeal was not available to them at that point in this case. "[A] case under § 102C is not subject to appeal under c. 231, § 109, and can be brought to this court only (1) after final disposition by the Appellate Division, if such disposition be sought, and (2) after trial in the Superior Court upon retransfer." *Lubell* v. *First Natl. Stores, Inc., supra,* 165-166. *Orasz* v. *Colonial Tavern, Inc.* 365 Mass. 131, 137 (1974), and cases cited therein. The status of an appeal such as the one being attempted by the plaintiffs was discussed at length in the *Orasz* opinion, *supra,* and the discussion therein applies equally to this case notwithstanding that there we had a case governed in part by G. L. c. 231, § 104, whereas here we have a case governed by § 102C.

Since this appeal is not properly before us, we do not reach the merits of the issue argued by the plaintiffs. The appeal is dismissed.

*So ordered.*