MATT PUPILLO *vs.* NEW ENGLAND TELEPHONE
AND TELEGRAPH COMPANY.

Worcester.   October 7, 1980. — October 31, 1980.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, LIACOS, & ABRAMS, JJ.

*Practice, Civil,* Appellate Division:  appeal; Action transferred to District
Court.

An appeal to this Court did not lie under G. L. c. 231, § 109, from a
decision and order of the Appellate Division in an action tried and
reported by a District Court upon transfer from the Superior Court
pursuant to c. 231, § 102C, in the absence of a retransfer to and a trial
in the Superior Court.  [715-716]

CIVIL ACTION commenced in the Superior Court on
November 21, 1977.

On transfer to the First Southern Worcester Division of
the District Court Department the case was heard by *Geen-
ty,* J.

*David W. Sugarman* for the plaintiff.

*William J. LeDoux* for the defendant.

KAPLAN, J.  On alternative counts for breach of contract
and for the tort of negligence, the plaintiff subscriber sued
the defendant telephone company in Superior Court, claim-
ing damages for an error in the publication of an advertise-
ment of the plaintiff's business in the "yellow pages" of the
1977 telephone directory for the Southbridge area.  The
plaintiff demanded trial by jury.  Because there appeared to
be no reasonable likelihood that recovery would exceed the
amount then specified in G. L. c. 231, § 102C, the action
was ordered transferred pursuant to that statute and Rule
29 of the Superior Court (1974), to the District Court of the
First Southern Worcester Division.  On bench trial there,
the judge found for the plaintiff on both counts with dam-

ages in his favor of $4,407, and judgment entered accordingly. The defendant requested a report of rulings of law to the Appellate Division of the District Courts, Western District (see G. L. c. 231, § 108). After hearing, the Appellate Division, concluding that a provision of the contract between the parties limiting liability was enforceable according to its terms, decided that judgment should enter in the District Court for the defendant on the negligence count, and for the plaintiff on the contract count for merely nominal damages.

From the decision of the Appellate Division, the plaintiff purported to appeal to this court under G. L. c. 231, § 109. But § 109 envisages appeal from a final decision. The decision of the Appellate Division was interlocutory. A final judgment, subject to appeal of right to this court, would arise in this case only after retransfer of the action to the Superior Court pursuant to G. L. c. 231, § 102C, and completion of the proceedings there (the judgment of the District Court, entered after decision of the Appellate Division, being available in proper circumstances[1] in those proceedings as "prima facie evidence"). See *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131 (1974), and *Fusco* v. *Springfield Republican Co.*, 367 Mass. 904 (1975), settling the proposition after some uncertainty. Compare *Lubell* v. *First National Stores, Inc.*, 342 Mass. 161 (1961); *Heil* v. *McCann*, 360 Mass. 507 (1971); *Orasz* v. *Colonial Tavern, Inc.*, 362 Mass. 881 (1972).

The requirement in cases like the present of recourse to the Superior Court as a condition of appeal to this court, results from the fact that jury trial is not now available in civil actions in the District Courts.[2] If trial by jury-of-six, which can be generally claimed in criminal cases in District

[1] Cf. *Henry* v. *Mansfield Beauty Academy, Inc.*, 353 Mass. 507, 508 (1968); *Harrison* v. *Textron, Inc.*, 367 Mass. 540, 552-553 (1975).

[2] Except for trial by jury-of-six by consent of the parties in the District Court, Central Worcester Division, and Central Northern Essex Division. G. L. c. 218, §§ 19A, 19B.

Court, were extended on some considered basis to appropriate civil actions tried there, the step of transfer to the Superior Court might be avoided and the process shortened. See Governor's Select Committee on Judicial Needs, Report on the State of the Massachusetts Courts 3, 5, 29-30, 35-36 (December 1976). Under current procedures, this appeal does not lie.

*Appeal dismissed.*