PETER F. SROCZYNSKI & another[1] *vs.* SHELL OIL COMPANY.

Bristol.  December 6, 1984. — March 11, 1985.

Present: LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*District Court,* Appellate Division, Transfer of case to Superior Court, Appeal to Supreme Judicial Court. *Practice, Civil,* Appellate Division, Appeal.

Where the defendant in an action commenced in the Superior Court and tried in a District Court had the right to seek retransfer to the Superior Court following a decision of the Appellate Division dismissing the defendant's petition to establish a report, the defendant was not entitled to appeal to this court from that decision. [224]

CIVIL ACTION commenced in the Superior Court Department on October 29, 1980.

Upon transfer to the New Bedford Division of the District Court Department, the case was heard by *David E. Stevens,* J.

*Stephen G. Carreiro* for the defendant.
*Charles R. Desmarais* for the plaintiffs.

LYNCH, J. This action arose when gasoline from an underground tank owned by the defendant allegedly leaked onto the plaintiffs' property. The defendant appeals from the Appellate Division's denial of its petition to establish a report. We dismiss the appeal.

In October, 1980, the plaintiffs filed their complaint in the Superior Court in Bristol County. Pursuant to G. L. c. 231, § 102C, the case was transferred to the New Bedford District Court, where judgment was entered for the plaintiffs on July 15, 1982, in the sum of $40,000. On July 21, the plaintiffs filed a request to retransfer the case to the Superior Court for a new trial. G. L. c. 231, § 102C. On the following day, the defendant attempted unsuccessfully to file a timely motion for

[1] Lena Sroczynski.

a new trial in the District Court, under Dist. Mun. Cts. R. Civ. P. 59 (1982). The District Court clerk refused to accept this motion since he had already forwarded all papers to the Superior Court.[2] Thus occurred the clerical error that transformed this action from a relatively straightforward one into a case of almost Byzantine procedural complexity. A single justice of the Appeals Court remanded the case to the District Court so that the defendant's motion for a new trial could be heard, and later, so that the defendant could claim a report to the Appellate Division. Despite the mandate of Dist. Mun. Cts. R. Civ. P. 64 (c) (4) (1982), the District Court judge failed to act on the defendant's draft report, and the defendant therefore petitioned the Appellate Division to establish the report. See rule 64 (c) (5); rule 64 (e). The Appellate Division decided that the report exceeded the scope of the single justice's order,[3] and denied the petition to establish the report.

The defendant appeals to this court, claiming that the decision of the Appellate Division was based on an issue not properly before it, that is, whether the report included issues that the single justice's order contemplated. The plaintiffs contend that, because the Appellate Division's action was not a final decision, this appeal should be dismissed. In reply, the defendant argues that, since its legal claims were not considered by the Appellate Division, this court should hear the case. We decline to do so and therefore we dismiss the appeal.

[2] On transfer from the Superior Court, G. L. c. 231, § 102C, as appearing in St. 1978, c. 478, § 262, provides in part that "[t]he parties shall have the benefits of and be subject to the district-municipal courts rules of civil procedure." This includes the right to request and file a draft report for appeal to the Appellate Division, and to move to amend or to make additional findings of fact, to alter or to amend the judgment, or for a new trial. Thus, the District Court should not effect a retransfer to the Superior Court until the completion of, or expiration of the time for, such procedures.

[3] The single justice of the Appeals Court originally allowed the defendant's motion for remand to the District Court for the "limited purpose" of deciding on the defendant's motion for a new trial. The single justice later allowed the defendant's motion to approve remand to the District Court "to pursue a draft report and/or motion to correct inconsistency." The Appellate Division apparently assumed that the second order was still subject to the limitations of the first.

We have stated that a decision of the Appellate Division is not a final one when retrial is available in the Superior Court under G. L. c. 231, § 102C. See, e.g., *Greenhouse, Inc.* v. *Trans World Airlines, Inc., ante* 60, 61 (1985); *Locke* v. *Slater,* 387 Mass. 682, 684 (1982); *Pupillo* v. *New England Tel. & Tel. Co.,* 381 Mass. 714, 715 (1980). That is exactly the case here. The defendant had ten days following the decision of the Appellate Division to seek retransfer to the Superior Court. See, e.g., *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. 131, 136 (1974); *McGloin* v. *Nilson,* 348 Mass. 716, 718-719 (1965). By failing to claim a new trial in the Superior Court within the ten-day time period, the defendant waived that right. *Orasz* v. *Colonial Tavern, Inc., supra.* Since the defendant did not exercise its right to retrial in the Superior Court, it may not now claim an appeal to this court from the decision of the Appellate Division. *Greenhouse, Inc.* v. *Trans World Airlines, Inc., supra* at 61. In other words, the defendant may not transform an otherwise nonfinal decision of the Appellate Division into a final one merely by failing to exercise its right to retransfer the case to the Superior Court. The defendant's appeal is therefore not properly before this court.

*Appeal dismissed.*