VINCENT S. BENDER & others[1] vs. AUTOMOTIVE
SPECIALTIES, INC.

Norfolk. November 8, 1989. - March 15, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*District Court*, Appellate Division, Removal of case to Superior Court,
    Appeal to Supreme Judicial Court. *Practice, Civil*, Summary judgment.

Where the plaintiffs in an action commenced in the Superior Court, re-
    solved in a District Court by the grant of summary judgment for the
    defendant, and then reported to the Appellate Division of the District
    Court had the right pursuant to G. L. c. 231, § 102C, to retransfer the
    case to the Superior Court for determination by that court, the plain-
    tiffs were not entitled to an appeal as of right under G. L. c. 231,
    § 109C, to the Appeals Court or to this court. [32-35] ABRAMS, J.,
    concurring.

CIVIL ACTION commenced in the Superior Court Depart-
ment on December 11, 1984.

Upon transfer to the Quincy Division of the District Court
Department, a motion for summary judgment was heard by
*Lewis L. Whitman*, J.

The Supreme Judicial Court granted a request for direct
appellate review.

*Peter Michelson* for the plaintiffs.

*Kevin Truland* for the defendant.

GREANEY, J. The plaintiffs commenced this personal in-
jury action in the Superior Court seeking damages based on
the alleged negligent operation of an automobile that was
taken without authority from the custody of the defendant,
Automotive Specialties, Inc. (Automotive). The plaintiffs'
claims against two other defendants were disposed of in the
District Court, leaving Automotive as the sole defendant.

---

[1]His wife, Carolyn P. Bender, and his daughter, Diane T. Bender.

Automotive moved for summary judgment pursuant to Mass. Dist. Mun. Cts. R. Civ. P. 56 (b) (1989), which was granted. The plaintiffs requested a report of the case to the Appellate Division of the District Court. The Appellate Division concluded that "there was no prejudicial error," and ordered the report dismissed. The plaintiffs appealed, and we granted their application for direct appellate review.

Automotive argues that the appeal cannot be maintained because the plaintiffs were required to have the case retransferred pursuant to that portion of G. L. c. 231, § 102C (1988 ed.), which states that "[a]ny party . . . aggrieved by the finding or decision [of the District or Municipal Court] may as of right have the case retransferred for determination by the superior court." We have said that an appeal will not lie under G. L. c. 231, § 109 (1988 ed.), from a decision and order of the Appellate Division of the District Court in a case transferred pursuant to G. L. c. 231, § 102C, in the absence of retransfer to, and decision by, the Superior Court. See *Greenhouse, Inc.* v. *TWA,* 394 Mass. 60 (1985); *Pupillo* v. *New England Tel. & Tel. Co.,* 381 Mass. 714 (1980); *Fusco* v. *Springfield Republican Co.,* 367 Mass. 904 (1975). The basis of this rule is that § 109 allows an appeal only from a final decision. The Appellate Division's decision is interlocutory in nature, with the final judgment being entered at the conclusion of the action, after retransfer, in the Superior Court. *Pupillo* v. *New England Tel. & Tel. Co., supra* at 715.

The plaintiffs point out that these decisions involved cases that were actually tried in the District Court. By comparison, this case was resolved in the District Court by the grant of summary judgment for Automotive. In the plaintiffs' view, this disposition takes the case out of the ordinary procedural path prescribed by § 102C, and places it on a straight path for the Appeals Court or this court. We disagree.

A District Court can dispose of a § 102C case on its merits by means of summary judgment. Although § 102C speaks in terms of the transfer of a civil case from the Superior Court. to a District Court "for trial," the statute was amended

through St. 1975, c. 377, §§ 102, 102A, to conform its provisions to the rules of civil procedure governing civil practice in the District and Municipal Courts. The conforming amendment stated, with respect to all § 102C cases, that "[t]he parties shall have the benefits of and be subject to the District-Municipal Courts Rules of Civil Procedure."[2] The Legislature's failure to except a transferred case from any of the rules of civil procedure governing actions in the District and Municipal Courts, and its placement of the provision making those rules applicable to transfer cases in the third paragraph of the statute, after references to the fact that a case transferred under the statute is transferred "for trial," indicates that the parties to a § 102C case are able to invoke summary judgment. The amending legislation obviously intended to make parallel matters of civil practice that involve constituent parts of the unified Trial Court. Otherwise, we should have the strange anomaly of a transfer case not being subject to summary judgment in the District or Municipal Court to which it has been sent, but being subject to rule 56 treatment in the Superior Court if it is retransferred. See *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243 (1976). The amendment superimposed on the "trial" language in § 102C the ability of a District or Municipal Court judge to decide a § 102C case by means of available procedures under governing, and more efficient, civil rules of practice. A District or Municipal Court judge handling a § 102C case may entertain a motion for summary judgment pursuant to Dist. Mun. Cts. R. Civ. P. 56 (1989), and, when appropriate, grant such a motion.[3]

---

[2]Section 102C was previously conformed to the Massachusetts Rules of Civil and Appellate Procedure. St. 1973, c. 1114, §§ 194, 195.

[3]The determination of a § 102C case by summary judgment constitutes a "decision" for the purpose of retransfer under the statute. In passing on a motion for summary judgment, the District or Municipal Court judge considers the legal sufficiency of the evidence to ascertain whether the moving party has demonstrated that he is entitled to judgment as matter of law. *Attorney Gen.* v. *Bailey*, 386 Mass. 367, 370, cert. denied, 459 U.S. 970 (1982). The evidence is examined under an established set of standards, which "for most purposes [are] identical to [those] applied to a

We conclude that a decision by summary judgment of a § 102C case, after consideration by the Appellate Division of the District Court, should not be subject to appeal of right under G. L. c. 231, § 109C, to the Appeals Court or this court. As pointed out above, we have consistently held that the Appellate Division's decision of a § 102C case that has been tried in the District Court is interlocutory in nature. As we stated in *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 139 (1974), a party who, after decision by an Appellate Division, has the right to retransfer his case to the Superior Court "does not have the right to appeal to [an appellate] court from a decision of the Appellate Division before the retrial of the case in the Superior Court." We further stated in *Greenhouse, Inc.* v. *TWA, supra* at 62, that this rule is based upon the caution about casual disregard of procedural requirements, which was expressed in *Weil* v. *Boston Elevated Ry.*, 216 Mass. 545, 549 (1914), in the following terms: "The rule of practice as to when [appeals] may be presented for argument in [an appellate] court ought to be simple, capable of being easily understood and not likely to be open to doubt in application. . . . It is more important to preserve it than to break in upon it for the purpose of doing what may appear to be desirable in a single case and thereby work confusion in many other cases."

We perceive no compelling reason to create a special exception to the *Orasz* rule (which we recently reaffirmed in *Greenhouse, Inc.* v. *TWA, supra*) for § 102C cases decided by means of summary judgment. A requirement of retransfer of these cases to the Superior Court will at least force the losing party to reevaluate his position before seeking to liti-

---

motion for a directed verdict." *Kaitz* v. *Foreign Motors, Inc.*, 25 Mass. App. Ct. 198, 200 (1987). A motion for summary judgment involves judicial scrutiny of the substance of the nonmoving party's case to ascertain whether the case is suitable for final disposition short of a full trial. The allowance of such a motion thus reaches and determines the merits. It follows from the nature of summary judgment as an adjudication on the merits, that a decision of a § 102C case by means of summary judgment is a "decision" within the meaning of the language of § 102C, calling for retransfer to the Superior Court.

gate it further. After reflection, the loser may choose to accept the result in the District Court and not pursue the case. In some cases, there will be the opportunity for additional negotiation which could produce a settlement. If retransferred, the case may be deemed suitable for summary judgment in the Superior Court, see *O'Brion, Russell & Co.* v. *LeMay, supra,* and cases lacking triable issues most likely would be eliminated by that procedure. The dockets of the Superior Court, therefore, should not be taxed excessively, and benefit could accrue to the dockets of the Appeals Court, which is incurring a steady increase in its annual number of appeals. On the whole, the present balance of considerations favors making this kind of disposition of a § 102C case subject to the retransfer requirements rather than hauling it up to an appellate court to decide whether summary judgment was appropriate. Accordingly, we decline to except from the *Orasz* rule, § 102C cases which have been the subject of a decision and order of the Appellate Division of the District Court upholding the grant of summary judgment.

The plaintiffs in this case had ten days from receipt of the notice of the Appellate Division's decision to retransfer the case to the Superior Court. They did not do so and instead appealed to the Appeals Court. They have lost their right of retransfer and their appeal must be dismissed. See *Greenhouse, Inc.* v. *TWA, supra* at 61-63, and cases cited.

Having dealt with the appeal, we add a few words about the transfer procedure. A civil case subject to the provisions of G. L. c. 231, §§ 102C, 104, and 109, may move (1) from the Superior Court, (2) to a District or Municipal Court, (3) to the Appellate Division of the District or Municipal Court, (4) back to the Superior Court, and then (5) to one or two of the appellate courts. In its journey, the essentially small case (transfer occurs if there appears to be no reasonable likelihood of a plaintiff's recovering more than $25,000, see G. L. c. 231, § 102C, as amended through St. 1986, c. 278, § 1) may be passed upon by as many as thirteen judges and one jury. Over the years the procedure has become a Rube Goldberg device manufactured piece by piece in a good faith

but futile effort to deal with the onslaught of cases confronting our understaffed and resource-meager court system. A select committee is presently studying practice and procedure before the Appellate Division in an effort to make more modern and efficient the existing complicated practice and procedure in that area. There clearly is need for similar study and analysis of the transfer system in all its aspects with an eye toward making a transferred case subject to final decision in the District or Municipal Court and subject to a single appeal. A revamped system could considerably advance the efficient disposition of judicial business.

*Appeal dismissed.*


ABRAMS, J. (concurring). I adhere to the views I expressed in *Greenhouse, Inc. v. TWA*, 394 Mass. 60, 63-65 (1985) (Abrams, J., dissenting). The question presented by this case is a question of law more appropriate for appellate review than for a remand to the Superior Court. The District Court's select committee currently is working on eliminating costly, ineffective, and cumbersome procedures. Because fairness requires that the District Court's committee be given the first opportunity to suggest new procedures which are speedy, less expensive, and less cumbersome, I concur.