LoConto, J.
The appellant seeks review of the trial judge’s denial of his request to remove a case pursuant to G.L.c. 231, §104. We affirm the decision of the trial judge and dismiss the petition.
The facts necessary to resolve the issues are as follows. On October 26,1992, judgement entered for the plaintiff after trial before a justice in the Spencer District Court. On November 3,1992, the defendant, aggrieved of the decision, filed a motion entitled, a“MotionFor Reconsideration” in accordance with Dist/Mun. Cts. R Civ. P., Rule 59(e). This motion was denied on February 1,1993. On February 5,1993, the defendantfiled a motion to appeal to the Superior Court pursuant to G.L.c. 231, §97 and on February 26,1993, filed a motion to remove the case to the Superior Court pursuant to G.L.c. 231, §104. The above motions were denied on March 3,1993 and March 9, 1993, respectively. The defendant, appellant, appeals the correctness of this denial, arguing that the filing of the motion tolls the time for removal under §104.
In support of his argument, the appellant refers to the Reporter’s Notes regarding Rule 59 (e) and Rule 4 of the Massachusetts Rules of Appellate Procedure. In addition, he relies on cases that have addressed the application of G.L.c. 231, §102c. See: Orasz v. Colonial Tavern Inc. 365 Mass. 131 (1974); Davis v. Bennett, 1982 Mass. App. Div. 41. Most recently, this Appellate Division felt constrained to follow the holding of Vicalvi v. George, 39 Mass. App. Div. (1967) which held that a motion for a new trial had the same effect as the filing of a draft report and effectively stayed a request to retransfer to the Superior Court under §102c until after the receipt of the denial of said motion. In Rice v. Finnegan, the Western District held that although the “prudent procedure is for an aggrieved party to file his motion for a new trial within ten days after entry of judgment and to file his request for retransfer within ten days after the notice of decision,” itfeltconstrained to follow Vicalvi, even though itwould apply a different rule for cases under §§102c and 104 of chapter 231.
We agree with the appellee that the instant case is not controlled by the principles that govern the Massachusetts Rules of Appellate Procedure and its application to *208 Rule 59 (e). Further, we cannot ignore the holding in Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597 (1984). Coen involved application of §104. In Coen, the Supreme Judicial Court held that
[the ten-day period for filing the entry fee and bond required for removal of acasefromtheDistrict Court to theSuperiorCourtbegins to run on notice of the decision or finding on the merits after trial, including review by the Appellate Division if requested, and is unaffected by the filing of a motion for a new trial or by action taken or notice given with respect to such motion.]
Here, the appellant had the opportunity to request removal of the case to the Superior Court, and retain the right to ask the trial judge to entertain his 59 (e) motion. Sroczynski v. Shell Oil Co., 394 Mass. 222 (1985). Instead, he attempted to persuade the trial judge to change or amend the amount of thejudgment. We agree with the trial justice that the filing of the 59 (e) motion did not toll the time for filing his request for transfer pursuant to G.L.c. 231, §104. Therefore, we order that the report be dismissed.