CHESTER LAMANTEA *vs.* PETER G. DOWD, trustee,
& others.[1]

No. 94-P-1403.

Worcester. November 20, 1995. - January 18, 1996.

Present: PERRETTA, KASS, & SMITH, JJ.

*Practice, Civil,* Transfer of action to District Court, Transfer of action to
Superior Court. *Statute,* Construction.

A request pursuant to G. L. c. 231, § 102C, by one defendant in a mul-
tidefendant civil action did not, by itself, result in the retransfer to the
Superior Court of the plaintiff's claims against the other defendants,
where neither the plaintiff nor the other defendants had requested such
a retransfer. [614-615]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 27, 1990.

After transfer of the case to the Westborough Division of
the District Court Department and retransfer to the Superior
Court Department, the case was heard by *John P. Forte*, J.,
sitting under statutory authority.

*Henry J. Lane* for the plaintiff.

*Peter E. Heppner* (*Stephen M.A. Woodworth* with him)
for Peter G. Dowd.

SMITH, J. The plaintiff, Chester Lamantea, filed an action
in the Superior Court against three defendants: (1) Peter
Dowd, as trustee of Pratt Farm Realty Trust (Dowd), (2)
Westward Development Corporation (Westward), and (3)
Nicholas Halil, doing business as K & N Trucking and Ex-
cavating (Halil). He sought damages for the alleged destruc-
tion of boundary markers, stone walls, and trees and also
injury to his residence as a result of the construction of a

---

[1]Westward Development Corporation and Nicholas Halil.

subdivision road on property belonging to Dowd. The plaintiff filed a request for a jury trial.

On December 26, 1990, a Superior Court judge ordered the case remanded to the Westborough District Court pursuant to G. L. c. 231, § 102C, and Rule 29 of the Superior Court. While the case was pending in the District Court, Valente Construction Co., Inc. (Valente), was added as both a defendant and a third-party defendant. In addition, C.D. Explosives, Inc. (Explosives), was added as a third-party defendant.

On December 15, 1992, summary judgment was granted in favor of Explosives and Valente. After a trial before a judge, judgment was entered in favor of the plaintiff against Westward for $23,000 and also against Halil for $42,000. Judgment was entered in favor of the defendant Dowd.

Halil subsequently requested that the case be retransferred to Superior Court for a jury trial. Neither the plaintiff nor the other defendants made any request for retransfer. On September 2, 1993, the entire case was retransferred to the Superior Court.

At Superior Court, Dowd filed a motion for a separate and final judgment in his favor. Dowd argued that Halil's request for retransfer did not bring the plaintiff's action against Dowd to the Superior Court where neither Dowd nor the plaintiff had filed such a request. The plaintiff argued that Halil's request for retransfer, by itself, had the effect of retransferring the *entire* case to the Superior Court. A Superior Court judge agreed with Dowd and ordered a separate and final judgment, dismissing the plaintiff's action against Dowd. We agree and hold that there was no error.

General Laws c. 231, § 102C, as inserted by St. 1967, c. 767, § 2, provides in relevant part:

> "Any party to the transferred action aggrieved by the finding or decision may as of right have the case retransferred for determination by the [S]uperior [C]ourt and any party to an action consolidated for trial with the transferred action aggrieved by the finding or deci-

sion may as of right have his case transferred for determination by the [S]uperior [C]ourt."

We do not see anywhere in the language of the statute that a request for retransfer by one defendant in a multidefendant action, by itself, results in all of the defendants in the action having their cases retransferred to the Superior Court. Such an interpretation would violate the purpose of the statute, which is "to assist in solving the problem of congestion in Superior Court dockets." *McGloin* v. *Nilson*, 348 Mass. 716, 718 (1965). We hold, therefore, that a request for retransfer by one of several defendants, by itself, does not result in the retransfer of the plaintiff's claims against the other defendants where neither the plaintiff nor the other defendants have requested a retransfer.[2] The judge did not commit error in ordering entry of a separate and final judgment in favor of Dowd.[3]

*Judgment affirmed.*

---

[2]If a plaintiff brings an action in the Superior Court against several defendants and the case is remanded to the District Court and the plaintiff is dissatisfied with the judgment, his or her request for retransfer would have the effect of retransferring all the claims against the several defendants. Here, the plaintiff did not make such a request.

[3]Dowd also raises for the first time a claim that Halil's request for retransfer was not timely filed. Because of our decision, we need not consider that issue.