Merrick, PJ.
Plaintiff Francis J. Caruso, Jr. commenced this action in Essex Superior Court against Haverhill Golf and Country Club (“HGCC”) to recover for injuries he allegedly sustained in a fall on an exterior stairway on HGCC’.s premises. HGCC filed a third-party complaint for contractual indemnity against Design Partnership Architects, Inc. (“Design”) and Mullaney Corporation (“Mul-laney”), the respective designer and builder of the stairway. The plaintiff then amended his complaint to add the two third-party defendants as direct defendants. The case was thereafter transferred to the District Court for trial pursuant to G.L.c. 231, §102C. After a District Court bench trial, the court found for the plaintiff against all three defendants in the net amount of $40,000.00, and also found for HGCC on its third-party claim for indemnification by Design and Mullaney. Notice of the court’s decision and findings was issued on June 25,1998.
On July 1,1998, defendant HGCC timely filed a Mass. R. Civ. P., Rule 59 (a), “Motion for a New Trial or, in the Alternative, to Amend Rulings of Law.” Co-defendants Design and Mullaney filed individual G.L.C. 231, §102C, requests for retransfer to the Superior Court on July 1 and July 2,1998. On August 15,1998, prior to any hearing on HGCC’s new trial motion, the plaintiff moved for the entry of a Mass. R. Civ. P., Rule 54(b), separate and final judgment against HGCC on the ground that its Rule 59 motion did not toll the time for retransfer to the Superior Court. On September 4,1998, the trial judge denied HGCC’s request for a new trial, but allowed its motion to the extent of amending both his findings of fact and rulings of law. HGCC’s attorney received the court’s amended findings and rulings on September 10,1998, and filed a G.L.c. 231, §102C, request for retransfer on September 12, 1998. The judge also denied the plaintiffs Rule 54 motion for a separate and final judgment against HGCC. The plaintiff has appealed that ruling pursuant to Dist/Mun. Cts. R A D. A, Rule 8C.
1. It is true that “a request for retransfer by one [or more] of several defendants, by itself, does not result in the retransfer of the plaintiffs claims against the other defendants where neither the plaintiff nor the other defendants have requested a retransfer [emphasis added].” Lamantea v. Dowd, 39 Mass. App. Ct. 613, 615 (1996).[2] It is also settled that the filing of Rule 59(a) motion for a new trial or to *150 amend findings or rulings does not toll the time for filing a request for removal to the Superior Court under the analogous procedure set out in G.L.c. 231, §104. Coen Marine Equip., Inc. v. Kurker, 392 Mass. 597, 602 (1984). We are certainly inclined to think that the constitutional considerations recited in Coen apply as well to the similar language and procedure for retransfer under G.L.c. 231, §102C. See Reber v. Beaulieu, 1999 Mass. App. Div. 139, 140 (meaning of time period “after notice” in §104 is the same as that in §102C).[3] In any event, we assume, as the plaintiff argues, that the mere filing of a Rule 59 motion does not toll the time for filing a request for retransfer.
2. However, the failure to include a request for retransfer with the filing of a Rule 59 motion is fatal to the party’s option for retransfer only in cases like Coen where the motion is denied. See Burlingame v. Fors, 1993 Mass. App. Div. 207, 208. If the judge allows the motion and grants a new trial, the §102C time for requesting retransfer runs anew from notice of the decision and finding in the second trial. Similarly, if the judge alters or amends the original finding, as in this case, the ten day period for requesting retransfer runs from notice of the new finding. Having amended his original findings and rulings, the trial judge thus correctly denied the plaintiffs motion for entry of a separate and final judgment against HGCC. The latter’s request for retransfer on September 12,1998, following receipt of the amended findings on September 10,1998, was timely filed.
We will not engage in the exercise, urged by the plaintiff, of weighing the nature or degree of change reflected in the new findings. Any amended finding triggers a new time period within which a request for retransfer may be filed. Finally, we note that if the judge had allowed the plaintiffs Rule 54 motion for separate and final judgment, HGCC would have had ten days from the entry of that judgment to file an appeal to the Appellate Division. Dist./Mun. Cts. R. A. D. A., Rule 4(a). An unfavorable result on that appeal would have started a new time period for retransfer, running from notice of the decision by the Appellate Division. Sroczynski v. Shell Oil Co., 394 Mass. 222, 224 (1985); McGloin v. Nilson, 348 Mass. 716, 718-719 (1965).
The trial court’s denial of the plaintiffs motion for entry of a separate judgment against HGCC is affirmed. The case in its entirety is to be retransferred forthwith to the Superior Court.
So ordered.

 It is unnecessary to determine whether the present case is distinguishable from Lamantea because of the appeal by the co-defendants of not only the plaintiffs judgment against them, but also the HGCC’s third-party judgment against them.

 We need not consider the somewhat anomalous implication of Rice v. Finnegan, 1992 Mass. App. Div. 111 (Western District), aff'd 36 Mass. App. Ct. 1105 (1994), rev. den. 417 Mass. 1106 (1994), that the rule in Coen applies only to requests for removal under G.L.c. 231, §104, but not to requests for retransfer under G.L.c. 231, §102C.