Merrick, J.
This is a negligence action to recover for personal injuries sustained by the plaintiff in a fall on the defendants’ premises on April 26,1991.
The action was commenced in the Waltham Division of the District Court Department on July 17, 1991. The plaintiff failed to file or serve the Statement of Damages required by Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A.
In August, 1993, the defendants filed a motion to remove the case to the Superior Court pursuant to G.L.c. 231, §104 on the stated grounds that: (1) based on a recent report of the plaintiff’s injuries from her physician, it was apparent that any recovery by the plaintiff would exceed $25,000.00; and (2) plaintiff’s settlement demand was $200,000.00. That motion was denied. On October 15,1993, the defendants moved for reconsideration. On October 18, 1993, the plaintiff reportedly filed an opposition to the defendants’ reconsideration motion and a Rule 102A Statement of Damages in the amount of $240,000.00.[2]
On October 28,1993, within the 25 days specified by G.L.c. 231, §104, the defendants again moved for removal of the case to the Superior Court. A judge denied the motion, and thereafter declined to report the ruling to the Appellate Division. The matter is now before us on the defendants’ Dist./Mun. Cts. R. Civ. R, Rule 64(e) petition to establish a report of the denial of their G.L.c. 231, §104 motion.
1. The ruling by which the defendants claim to be aggrieved in their proposed draft report is interlocutory. A report by a district court judge of an interlocutory ruling is entirely voluntary in nature. G.L.c. 231, §108; Dist./Mun. Cts. R. Civ. R, Rule 64(d). See generally, Quint v. Moffie, 1987 Mass. App. Div. 133; First Eastern Sav. Bank v. Bean, 1982 Mass. App. Div. 301. The judicial policy against piecemeal appellate review of interlocutory rulings is well established, CUNA Mut. Ins. Society v. Attorney General, 380 Mass. 539, 541 (1980); Pollack v. Kelly, 372 Mass. 469, 470-471 (1977), and we are aware of no case in which the refusal to report an interlocutory ruling has been ruled an abuse of discretion. The defendants’ petition to establish a report must be denied. Munro v. US-China Peoples Friendship Ass’n., 1989 Mass. App. Div. 177, 178; Seigal v. Fitz Taxi, Inc., 1986 Mass. App. Div. 42, 43.
2. However, the judge’s refusal to report the interlocutory ruling in question leaves the defendants, who have taken all possible steps to preserve their right to a Superior Court trial, in an unfair quandary caused by the disregard by both the plaintiff and the trial court clerk of the unequivocal requirements of Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A. The Statement of Damages mandated by Rule 102A is a critical aspect of the statutory scheme for the transfer and removal of *99 civil actions between the District and Superior Courts for obvious reasons. Sections 102C, 103 and 104 of G.L.c. 231 generally provide that civil actions with claimed damages less that the current threshold amount of $25,000.00 may be tried before a jury in the Superior Court only after a District Court trial. With respect to cases commenced in the District Court Department, G.L.c. 231, §104 provides, in pertinent part, that any party other than a plaintiff
may, provided that the amount of the claim against such other party... exceeds twenty-five thousand dollars, file in the district court in which the action is pending a claim of trial by the superior court together with the fee for the entry of the claim of each plaintiff in the superior court, and... a bond... for costs.... Such claim of trial by the superior court must be filed no later than twenty-five days after service of the pleading which asserts the claim ... on which the right to remove is based .... The clerk shall forthwith transmit the papers and entry fee to the clerk of the superior court....
Prior to the adoption of the Massachusetts Rules of Civil Procedure, the status of a case for removal purposes was governed by the ad damnum in the writ, which retained the vestigial function of limiting the amount of recoverable damages despite the fact that the ad damnum remained subject to amendment even after trial. Kinnear v. General Mills Inc., 308 Mass. 344, 346 (1941). An amendment of the ad damnum did not, however, change the status of the case for removal purposes. Niro v. Consigli, 41 Mass. App. Dec. 143, 145 (1969); O’Connell v. Burke, 36 Mass. App. Dec. 169, 176-177 (1967).
The changes in Massachusetts civil practice which followed the adoption of the Rules of Civil Procedure altered the traditional function of the ad damnum. A jury was no longer informed of the amount of damages sought by a plaintiff, see Goldstein v. Gontarz, 364 Mass. 800, 816 n. 15 (1974), and the ad damnum no longer served as a limitation on the plaintiffs recovery, except where judgment was entered by default. Rule 54(c) of the Mass. R. Civ. P. and the Dist./Mun. Cts. R. Civ. P. See also, Buffum v. Rockport, 36 Mass. App. Ct. 377, 382 (1994). In 1984, the Supreme Judicial Court considered the effect of a complaint amendment under Mass. R. Civ. P., Rule 15 which increased the amount of damages claimed above the jurisdictional amount for removal.
In this case the sellers amended their complaint to assert a claim above G.L.c. 231, §104’s threshold. With respect to a claim over its threshold, General Laws c. 231, §104, provides that a party may claim a trial in the Superior Court within twenty-five days after ‘service of the pleading which asserts the claim ... on which the right to remove is based.’ The word ‘pleading’ includes ‘papers such as the complaint, answer, and reply which frame the issues.’ [citation omitted] The amended complaint served precisely the function of the original complaint; it set forth the sellers’ legal theories and the relief sought. It was a pleading. We hold, therefore, that G.L.c. 231, §104 authorized the buyer to claim a trial in the Superior Court within twenty-five days after service of the sellers’ amended complaint. Because he did not do so, he waived his right to have the case transferred to the Superior Court....
Kolakowski v. Finney, 393 Mass. 336, 340 (1984).
Three years later, however, the Legislature enacted G.L.C. 231, §13B (effective July 1,1987) which prohibited in most cases the inclusion in a complaint of an ad damnum or damages claim for a specific monetary amount. To comply with this legislation and to preserve the ability to classify cases for removal purposes, the Supreme Judicial Court promulgated two rule changes submitted by the District and Boston Municipal Courts which took effect on July 20,1987. First, Dist./Mun. Cts. *100 R. Civ. R, Rule 8(a) was amended by striking the following language: “In any action in which money damages are sought, the amount of the damages so demanded shall be set forth in the complaint.” Second, the following Section 102Awas added to the District/Municipal Courts Supplemental Rules of Civil Procedure:
Rule 102A
STATEMENT OF DAMAGES
In all civil actions governed by the District/Municipal Courts Rules of Civil Procedure, a party seeking relief in the form of money damages in a complaint, crossclaim, or counterclaim, shall state the amount of said money damages claimed on the form prescribed therefor by the Administrative Justice of the District Court Department or the Administrative Justice of the Boston Municipal Court Department, as the case may be. No clerk-magistrate shall accept for filing any complaint crossclaim or counterclaim unless it is accompanied by such form. A copy of the form, including the statement as to damages, shall be served on all other parties together with the complaint crossclaim, or counterclaim [emphasis supplied].
The non-compliance with Rule 102A in this case is obvious. The plaintiff blatantly violated the Rule by failing to file and serve the required Statement of Damages with her complaint. The plaintiff’s claim that she was unable to ascertain the full extent of her injuries at the time of commencing suit is no excuse for her violation of Rule 102A. The plaintiff was required to make an estimate of her damages, at least to the extent of stating whether she was claiming more than $25,000.00. By analogy to the former ad damnum, the Statement of Damages is neither admissible in evidence, nor, under Dist./Mun. Cts. R. Civ. R, Rule 54(c), a limitation on plaintiffs recovery after trial. The Statement of Damages is, however, the sine qua non of the defendants’ ability to preserve or exercise their right to a jury trial.
The plaintiff’s error was compounded by that of the trial court clerk. Rule 102A flatly prohibits the acceptance by the clerk for filing of any complaint not accompanied by a Statement of Damages. The plaintiff’s complaint in this case should not have been accepted by the clerk.
The potential consequences of these Rule violations are equally apparent. The plaintiff’s failure to attach the requisite Statement and the clerk’s erroneous acceptance of the incomplete complaint filing could serve as the basis for a dismissal of this case. Such a remedy would be harsh, but if any party is to suffer the consequences of the plaintiff’s disregard of the rules, it should be the plaintiff rather than the defendants. The plaintiff’s alleged, belated attempt to satisfy Rule 102Aby filing a late Statement of Damages was obviously ineffective without leave of court. To the extent that such Statement, which was never docketed, is actually on file in the trial court, it should be stricken. On the present record, no Statement of Damages in excess of $25,000.00 has been properly filed or served in this case, and the defendants cannot be deemed to have forfeited or waived any statutory right to transfer this case to the Superior Court.
The solution to this wholly unnecessary procedural quagmire also seems straightforward. The plaintiff should forthwith file a motion to permit late filing and service of a proper Rule 102A Statement of Damages. Upon the allowance of such motion, and the filing and service of the requisite Statement, the statutory 25 day period for removal of this action by the defendants would be triggered. Kolakowski v. Finney, supra at 340. The defendants could then file the necessary claim for trial, entry fee and bond to secure the immediate removal of this action to the Superior Court pursuant to G.L.c. 231, §104. If the plaintiff fails to act immediately to correct her improper commencement of this suit by filing the suggested motion, the defendants should move for the dismissal of this action.

Neither the opposition, nor the Rule 102A Statement of Damages, was entered on the docket.