Kelly, J.
This expedited appeal involves the denial of a motion for removal to Superior Court pursuant to G.L.c. 231, §104. The defendant/appellant is aggrieved by the trial court’s ruling and asserts that the demand for damages was improper and should not have affected its ability to remove the case to Superior Court.
The Facts
On September 22,1994, the plaintiff/appellee, Ricardo F. Chumbiray (hereinafter “Chumbiray”), filed a three count complaint against the defendant/appellant, Central-Chrysler Plymouth Jeep Eagle (hereinafter “Central-Chrysler”), in the Boston Municipal Court Department. Count I alleged violations of both G.L.c. 93A, §§9 & 11 and G.L.c. 90, §7N 1/4; Count II alleged intentional infliction of emotional distress; and Count III requested a demand for damages of $50,000.
When Chumbiray filed his complaint, he failed to file a Statement of Damages as required by Dist./Mun. Cts. Supp. R. Civ. P, Rule 102A. Nevertheless, the Office of the Clerk Magistrate for Civil Business (hereinafter “Clerk-Magistrate”) accepted Chumbiray’s complaint and the case proceeded to trial on November 21,1996. The court found in favor of Chumbiray on Count I only, in the amount of $11,795.36. Central-Chrysler appealed that decision to the Appellate Division. On January 9,1998, the Appellate Division affirmed the judgment in favor of Chumbiray.
On January 15,1998, pursuant to G.L.c. 231, §104, Central-Chrysler filed a claim of trial by jury in the Superior Court along with payment for removal costs. Central-Chrysler maintains that the Clerk-Magistrate refused to forward the case to Superior Court because the amount of damages sought was $50,000. Central-Chrysler then filed a motion for removal to Superior Court. Said motion was denied by the trial court on January 30, 1998. Central-Chrysler is appealing that decision pursuant to Dist./Mun. Cts. R. A D. A., Rule 8A.
Discussion
Principal to this appeal is the fact that Chumbiray never filed a Statement of Damages as required by Dist/Mun. Cts. Supp. R. Civ. P, Rule 102A Rule 102A explicitly prohibits a clerk-magistrate from accepting a complaint, cross claim or counterclaim unless it is accompanied by a Statement of Damages. In pertinent part, Rule 102A provides:
[n]o clerk-magistrate shall accept for filing any complaint, cross claim, or counterclaim unless it is accompanied by such form. A copy of the form, *158 including the statement as to damages, shall be served on all other parties together with the complaint, cross claim, or counterclaim. (Emphasis added.)
Accordingly, the Clerk-Magistrate should not have accepted Chumbiray’s complaint without the requisite Statement of Damages.[1] As a result, Rule 102A was disregarded and an incomplete complaint was allowed to proceed to trial.[2] Inevitably, the failure of Chumbiray to file a Statement of Damages, coupled with the Clerk-Magistrate’s error in accepting the complaint, became problematic when Central-Chrysler requested removal to Superior Court.
G.L.c. 231, §104 establishes the claim limits for removing a case to Superior Court.[3] The Statement of Damages governs the right to remove under G.L.c. 231, §104. Hanlon v. Florida, 1994 Mass. App. Div. 98.[4] In exercising his or her removal rights, a defendant is entitled to rely on the amount of damages claimed in the Statement of Damages. Gillespie v. Steiger, 1992 Mass. App. Div. 33, 34.
A Statement of Damages in excess of $25,000 would have provided proper notice to Central-Chrysler of the claim amount and of its right to remove to Superior Court. The demand of $50,000 in Count III was an inadequate basis to deny Central-Chrysler’s request for removal. Id. at 34.
Since no Statement of Damages in excess of $25,000 was filed, Central-Chrysler cannot be deemed to have forfeited or waived any statutory right to remove. Hanlon at 100. If any party is to suffer the consequences of Chumbiray’s disregard of the rules, it should be Chumbiray rather than Central-Chrysler. Id.
For the foregoing reasons, the judgment which denied Central-Chrysler’s motion for removal to Superior Court, pursuant to G.L.c. 231, §104, is hereby reversed.

 Dist./Mun. Cts. Supp. R. Civ. R, Rule 102A further provides that a “party seeking relief in the form of money damages in a complaint, cross claim, or counterclaim, shall state the amount of said money damages claimed on the form prescribed...”

 In addition, G.L.c. 231, §13B, states, in relevant part, that “[n]o complaint in any civil action shall contain... a monetary amount claimed against any defendant, unless... such amount indicates damages which are liquidated or ascertainable by calculation and a statement under oath by a person having knowledge thereof is attached to such complaint setting forth the manner in which the amount of said damages was attached to the complaint.”

 G.L.c. 231, §104, para 2, provides, in part, that “[r]emoval of a case under this section shall remove any default and vacate any judgment entered thereon for failure to plead or otherwise defend in the district court, excepting cases in which the amount of the claim does not exceed twenty-five thousand dollars. Cases in which no claims, counterclaims and cross-claims exceed twenty-five thousand dollars and those in which rights of parties to remove for trial in the superior court as provided herein and in section one hundred and three are not properly exercised shall be tried in the district court. A party who would have been entitled to remove the case for trial in the superior court as hereinabove provided but for the fact that the amount of the claim, counterclaim, or cross-claim, as the case may be, does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee of fifty dollars and bond within thirty days after notice of the decision or finding.” (Emphasis supplied.)

 The court in Hanlon v. Florida, 1994 Mass. App. Div. 98, stated, in part, that “ [t] he Statement of Damages mandated by Rule 102A is a critical aspect of the statutory scheme for the transfer and removal of civil actions between the District and Superior Courts for obvious reasons.”