Wheatley, J.
On January 23,1995, the plaintiff (Crystal), hired by the defendant- *33 landowners (the Hartigans, or Susan or Michael) for excavation and site work to be done on their property, sued for payment for the work. After trial, judgment entered on March 16,1998 in favor of the plaintiff in the amount of $14,459.07, plus interest of $5452.46 and costs of $161.90, for a total of $20,073.43[2] Thereafter, there were numerous motions made by the Hartigans, which, along with the trial judgment, are the subject of two Rule 8A Expedited Appeals. One appeal basically requests review of several trial court decisions made on January 20, 1999; the other relates substantially to decisions made on February 9, 1999. Except for a reduction of the amount of a sanction against Michael, we affirm the trial court, with costs.
1. The appeal relating to the January 20,1999 decisions. The Hartigans’ notice of appeal, which, according to Dist./Mun. Cts. R.A.D.A., Rule 3(c), limits the scope of the appeal, refers to the January 20,1999 decisions as follows:
In their Appeal, the Defendants may question: the appropriateness of the dismissal of their Appeal, the allowance of striking their Statement of Damages, the denial of their motion to strike a Norfolk Civil Action cover sheet, the allowance of sanctions in the amount of $1,125 ... and/or other findings or decisions as listed in Exhibit A or related to other pleadings that are or were adverse. (Emphasis supplied.)
We conclude that the reference in the italicized phrase is too indefinite adequately to notify the appellee and us as to what “other findings or decisions” the Hartigans refer. The notice of appeal should contain, inter alia, a concise statement of the issues of law presented for review, Id., 3(c) (2), and the judgment, ruling, finding, decision or part thereof being appealed, Id., 3(c)(3). There is no Exhibit A with the notice, and there are no copies of additional decisions or judgments attached. Therefore, we direct our attention to four motions:
(a) Crystal’s motion to dismiss the Hartigans’ appeal from the judgment after the trial. On March 16,1998, judgment was rendered against the Hartigans after trial for $20,073.43. Thereafter, on March 25, Susan timely filed a notice of appeal. Michael, on March 30,[3] filed motions for clarification, for a new trial, and to amend the judgment. Michael then filed a notice of appeal on April 8. This filing was too late for the trial judgment, and premature for the motions, which had not yet been decided. Dist./Mun.Cts. RAD .A., Rule 4(a). Michael’s motions were heard and denied on April 28, 1998. Michael then, on May 6, timely filed a notice of appeal concerning the three postjudgment motions and Susan filed a new notice of appeal from the March judgment on May 8. The trial court docket shows no further activity until August 3,1998, when Crystal filed a motion to dismiss the appeals on the grounds of the defendants’ failure to prosecute their appeals within the established time limits, which was heard and allowed by Judge Creedon on October 14, 1998.
R.A.D.A 8A requires an expedited appeal to be filed within 20 days of the filing *34 of the notice, and an 8B or 8C appeal to be filed within 30 days of the notice. The clerk’s docket shows that nothing was filed after the May notices of appeal by the Hartigans until November 9,1998. This is clearly in excess of any applicable rule. The Hartigans did not abide by the rules and it was within the discretion of the trial court to dismiss the appeal. The judge acted properly.
(b) Crystal's motion to strike the Hartigans’ statement of damages. In order for the Hartigans to remove this case to the Superior Court, if the ad damnum in Crystal’s statement of damages exceeded twenty-five thousand dollars, they must have filed a claim of trial in the Superior Court no later than twenty-five days after service of the complaint (step 1). G.L.c. 231, §103. If, after all claims were filed, none exceeded twenty-five thousand dollars, the case would be tried in the District Court and a claim for trial in the Superior Court need only have been filed no later than thirty days after the notice of the District Court finding or decision (which, assuming a timely appeal, would include the decision of this Appellate Division[4]) (step 2). Id., §104.
With the complaint filed on January 23, 1995, Crystal filed a Dist./Mun. Cts. Supp. R. Civ. P., Rule 102A statement of damages in the amount of $19,291.28. The Hartigans did not take step 1. The Hartigans then filed a counterclaim with no statement of damages. This left undetermined, at that time, the issue of whether this case was one in which "... no claims, counterclaims and cross-claims exceed[ed] twenty-five thousand dollars...,” and whether, in order to remove their case to the Superior Court, the Hartigans would have had to comply with step 1. Long after the trial, in an apparent attempt to “remedy” this, the Hartigans filed a counterclaim statement of damages in the amount of $8,000, to which filing Crystal’s motion to strike, which the trial judge allowed, is directed.
The filing of the statement after the trial serves no purpose. Although Rule 102A requires the filing of a statement of damages with, in this instance, the Harti-gans’ counterclaim, G.L.c. 231, §104 cites the counterclaim, as opposed to (hestatement, as the basis for the determination of whether or not the statutory maximum of twenty-five thousand is exceeded. In paragraph 1 of the prayers in the Hartigan counterclaim (which immediately follows paragraph #688 of the body of the document), the Hartigans seek damages of only $8,000. Moreover, there has been a trial that determined the damages under both the complaint and the counterclaim to be less than $25,000, and there is nothing in the record that would indicate that this determination was off the mark. See Tynan v. Nelson, 43 Mass. App. Ct. 738 (1997). In fact, the filing of the statement of damages by the Hartigans does not give them any additional rights or status. The purpose of the defendants’ statement is to provide information to the plaintiff and to give the plaintiff options concerning steps 1 and 2. See Chapian v. Car Wash Systems, Inc., 1996 Mass. App. Div. 98. Finally, whether they should have taken step 1 or not, they did not take step 2 in a timely manner. See §2(b), infra. We find no error in the allowance of Crystal’s motion to strike.
(c) The Hartigans’ motion to strike under Rule 12(f). The Hartigans filed a motion to strike a copy of a Norfolk County Superior Court civil action cover sheet (which was attached as an exhibit to Crystal’s motion to strike the Hartigans’ statement of damages) on the grounds of irrelevancy, which the trial judge denied. “A motion to strike should be granted only when the allegations have no possible relation to the controversy. When the court is in doubt whether under any contingency the matter may raise an issue, the motion should be denied.” Samuel Goldwyn, Inc. v. United Artists Corporation, 35 F. Supp. 633 (1940), at 637. In light of our discussion in part (b), supra, the record reflects nothing that shows that the Harti- *35 gans were prejudiced in any way by the denial of this motion. There was no error in the judge’s ruling on this motion.
(d) Crystal’s second motion for sanctions against Michael Hartigan. On January 20, 1999, Crystal filed a second motion for sanctions under Mass. R. Civ. P., Rule 11(a) against Michael, alleging that Michael’s filing on January 19 of a motion to dismiss Crystal’s complaint was frivolous and based on factual assertions that Michael knew to be untrue. The motion for sanctions was accompanied by an affidavit of Crystal’s attorney which detailed the time and legal fees involved (7.5 hours times $150 per hour = $1,125). After hearing on the motion for sanctions, the trial judge found Michael’s motion to dismiss "... to be in bad faith and only intended to delay and frustrate the orderly termination of this case.” He concluded, “I therefore allow attorneys fees in the amount of $1,125 as a just sanction.”[5]
Michael’s motion to dismiss the complaint, filed approximately four years after the filing of the complaint and his answer, and eleven months after the trial in this case, argued that Crystal’s complaint should be dismissed for failure to file an accompanying statement of damages as required by rule 102A. The motion, in part, states specifically (over Michael’s signature), “... since the Plaintiff has never filed a Statement of Damages under Rule 102A...”
Any motion to dismiss, as a pleading responsive to the filing of the complaint, must be filed within twenty days of service of the complaint upon the defendant. Mass. R. Civ. P., Rule 12(a)(1). Michael’s filing was years late. Additionally, the District Court docket reflects that in fact Crystal did file a statement of damages with its complaint on January 23, 1995, which fact is acknowledged in his (Michael’s) January 29 Motion to Strike Plaintiffs Statement of Damages. Moreover, the sheriffs returns of service on both Hartigans, and Crystal’s attorney’s affidavit, state that, inter alia, a statement of damages was served on each defendant on February 1,1995. The trial judge had no evidence to the contrary before him. Michael’s motion to dismiss from all angles appears to be a transparent attempt to delay and frustrate the orderly termination of the case.
The signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and it was not interposed for delay. Mass. R. Civ. P., Rule 11 (a). For a wilful violation of Rule 11 (a) an attorney may be subjected to appropriate disciplinary action. Id. Although the rule is silent as to the particular disciplinary measures that may be imposed, the Supreme Judicial Court in 1998 concluded that it authorizes a judge to impose attorney’s fees and costs where an attorney has failed to show a subjective good faith belief that the pleading was supported in both fact and law. Van Christo Advertising, Inc. v. M/A-COM/ *36 LCS, 426 Mass. 410 (1998), at 416, 688 N.E.2d 985. “Good faith includes, among other things, an absence of design to defraud or to seek an unconscionable advantage. ... Although this standard is less demanding than the objective standard embodied in the amended Federal rule (which obliges attorneys to engage in some prefiling inquiry), our rule does not excuse an attorney’s ‘wilful ignorance’ of facts and law which would have been known had the attorney simply not consciously disregarded them.” Id., at 416-417.
A judge has discretion in imposing sanctions under rule 11(a), and our function is to determine whether the judge abused that discretion, which includes considering whether proper legal standards were applied and whether there was reasonable support for the judge’s evaluation of the facts. In the absence of evidence from Michael contrary to simply what the record (available to us and to Michael) reveals, the conclusion that the trial court reached is inescapable. Michael consciously disregarded the record.
The legal fees of $1,125 cited by Crystal’s attorney cover a period from January 7 through the hearing date, January 20, 1999. However, Michael did not file the motion to dismiss until January 19. Therefore, the amount of legal fees generated prior to January 19, $262.50, would not be relevant to the question of the actual time spent responding to the motion to dismiss, the focus of both Crystal’s motion and the judge’s findings. The proper assessment of legal fees, therefore, would be $862.50, and the trial judge’s order of sanctions in that amount is affirmed.
2. The appeal relating to the February 9, 1999 decisions. As in the notice of appeal for the January 20,1999 decisions, there are many statements in the February 9, 1999 notice too vague and indefinite clearly to identify an issue for appeal. There is also mention of matters to which we have already referred above. The only portion of the notice specific enough to consider is the following:
In their Appeal, the Defendants may question: the denial of their Motion (s): to strike the Plaintiffs Statement of Damages, for Removal/ Appeal to Superior Court, for Reconsideration of the allowance of Plaintiffs Second Motion for Sanctions, for Sanctions against Attorney Bal-dassini, and/or to amend, alter, or strike, ...
We direct our attention in this portion of our decision to five motions:
(a) Michael’s motion to strike the plaintiff’s statement of damages. The basis for this motion was that the plaintiff did not serve the statement on the defendants until January 20,1999. There was evidence to that effect in Michael’s 63-page affidavit. There was also evidence to the contrary as noted above. The trial judge obviously believed the latter evidence, and denied the motion. “In reviewing a nonjury case ... we accept the judge’s findings of fact unless they are clearly erroneous.” Jancey v. School Committee of Everett, 427 Mass. 603 (1998), at 605. The finding on this motion was not clearly erroneous and we affirm the trial court’s denial.
(b) The Hartigans’ motion for removal/appeal to Superior Court. In this motion, the Hartigans allege that they attempted, on January 25,1999, to file with the District Court Clerk a request for removal of this case to the Superior Court, along with the necessary filing fee and bond, which the Clerk refused to accept. In this instance, in order to be entitled to a jury trial in the Superior Court, the filing must be "... within thirty days after notice of the decision or finding....” G.L.c. 231, §104. After a District Court trial, in the event of no appeal, the “decision or finding” is the decision of the trial court; in the event of an appeal, the triggering event is the decision of the Appellate Division. Greenhouse, Inc. v. Transworld Airlines, Inc., 394 Mass. 60 (1985), at 61, and cases cited in fn. 3, supra. The filing of Mass. R. Civ. P., Rule 59(e) motions does not toll the time for the filing of a request for retransfer. Coen Marine Equipment, Inc. v. Kurker, 392 Mass. 597 (1984), Burlingame v. Fors, 1993 Mass. App. Div. 207. The Hartigans’ filing of their motion was *37 late and was properly refused by the Clerk.[6] The trial judgment was recorded on March 16,1998. Susan filed a timely notice of appeal; Michael filed untimely post-judgment motions for clarification, a new trial and to amend the judgment, and did not file a notice of appeal until May 6,1998, a date well beyond the ten-day period from the date of the trial court decision. Susan filed a second notice of appeal on May 8, 1998, which, with Michael’s May 6 notice, were the subjects of the plaintiffs first motion to dismiss the appeal. Susan never further prosecuted her March 25 appeal. There is no copy of the notice among the fifty-eight documents accompanying the two notices of appeal with which we are dealing. Nowhere is there an argument that it was the basis for a viable appeal. The two plaintiffs motions to dismiss the appeal deal only with the failure of the defendants to prosecute their second and third notices. From all indications, Susan’s March 25 notice of appeal was waived. The time limit to file a request for retransfer was April 15,1998. The defendants had done nothing in this regard until their January, 1999 motion. We find no error in the denial of this motion.
(c) Michael’s motion for reconsideration of the allowance of plaintiff’s second motion for sanctions. This motion to reconsider is to be treated as a motion to amend a judgment, and must be filed within ten days of the judgment. See Reporters’ Notes to Mass. R. Civ. P., Rule 59(e). Piedra v. Mercy Hospital, Inc., 39 Mass. App. Ct. 184 (1995), at 188. The judgment on the Second Motion for Sanctions was made on January 20,1999; this motion to reconsider was filed on February 4, outside the ten-day rule requirement. Moreover, the motion to reconsider did not raise any new issues or refer to any new evidence which arose after the trial court’s decision on the original motion. We find that there was no abuse of discretion in the denial of this motion.
(d) Michael’s motion for sanctions against Attorney Baldassini. This motion seeks sanctions, under Mass. R. Civ. P., Rule 11(a), "... for filing motions or other pleadings that have no legal of factual merit or basis.” Suffice it to say that the memorandum/affidavit filed by Michael in support of the motion contains allegations of misstatements by plaintiffs counsel, which, in the main, even if the allegations are true, are de minimis and of no consequence in the case. They are statements of which the trial judge was made aware. He exercised his discretion and denied the motion. See discussion in paragraph 1(d) above. We find no error.
(e) Michael’s motion to amend, alter or strike. This motion, made on February 4, 1999, years after the trial, is Michael’s request to be allowed to amend, alter or strike his counterclaim. There is, however, absolutely no indication in the motion of what change Michael wishes to make, or what the basis would be for its allowance. A six-page memorandum filed in support of the motion contains an unconnected complaint of logistical and evidentiary problems that existed during the trial, and fails also to shed any light on the content and basis for Michael’s request. The motion makes no comprehensible request and was properly denied.
This Division has the authority to award double costs or other sanctions for any appeal we deem frivolous. G.L.c. 231, §108. Dist/Mun. Cts. R.A.D.A., Rule 25. An attempted appeal with no likely prospect of success must be frivolous within the meaning of §108. Logan Equipment Corporation v. Karen Construction Company, 1985 Mass. App. Div. 50, at 51. The logical basis for ordering sanctions is that “[a] frivolous appeal imposes entirely needless economic burdens ‘not only upon the party forced to defend it, but upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals.’” Handman v. Spector, 1996 Mass. App. Div. 185. See also Avery v. Steele, 414 Mass. 450. In this case, Michael Harti- *38 gan, a Massachusetts attorney, has prosecuted an untenable appeal of nine motions with no clear likelihood of success.[7] The trial court’s determinations were based on well-settled law and, in many instances, Michael’s failure to comply with the rules of procedure, all of which vitiate his claims of error. “When the law is well-settled, when there can be no reasonable expectation of a reversal, an appeal is frivolous.” Allen v.Batchelder, 17 Mass. App. Ct. 453 (1984). Rule 25, supra, damages may include attorney’s fees. Id., at 460. “Because of the delay and waste work which improper appeals necessarily entail, the perpetrator should expect not only dismissal of his appeal, but also the possibility of double costs, penalty interest or damages. ...” Mancuso v. Mancuso, 10 Mass. App. Ct. 395 (1980), at 402. Double costs, and $1,500, as damages on account of legal fees involved in this appeal, are assessed against Michael Hartigan. Plaintiffs attorney is instructed to file in the trial court a sworn statement of all costs (to be added to the $1,500 damages) incurred since February 9,1999 in opposing Michael Hartigan’s frivolous appeals.
Accordingly, the trial court’s order of sanctions made under Crystal’s second motion for sanctions is affirmed in the amount of $862.50; the balance of the appeal is dismissed. Damages of $1,500 and double costs are to be assessed against Michael Hartigan in accordance with this opinion.
So ordered.

 The judgment upon the trial was entered as docket #131. Rather than the trial bringing some closure to the case, it merely served as a springboard for increased activity, generated mainly by the defendants, resulting in a total of 217 docket entries.

 Mass. R. Civ. P., Rule 59(b) requires postjudgment motions to be served not later than 10 days after the entry of judgment. They were filed with the clerk on March 30, more than 10 days after the judgment, and were, thus, untimely. In that the court has no authority to extend the ten-day filing requirement (Mass. R. Civ. P., Rule 6(b)), the judge’s consideration of the motions does not change their unseasonable character.

 See Lubell v. First National Stores, Inc., 342 Mass. 161 (1961), at 165; Orasz v. Colonial Tavern, Inc., 365 Mass. 131 (1974), at 135.

 The complete findings of the trial judge are as follows:
“On October 14,1998, Plaintiffs motion to dismiss the Defendants’ appeal was allowed. The Defendants gave notice to appeal. The Plaintiff filed on 11/16/98 an objection to the expedited appeal triggering a thirty (30) day period for Defendants to respond. They did not respond. The Plaintiff filed on 1/4/99 another motion to dismiss the Defendants’ appeal and marked it for hearing on 1/12/99. The Defendants’ emergency motion for a continuance of the above hearing to 1/ 20/99 was allowed by myself on 1/8/99.
“Notwithstanding adequate notice ánd time to prepare for a hearing on the 1/4/ 99 motions, the Defendant, Michael D. Hartigan, on 1/19/99 filed an additional six motions.
“One of the motions, see pleading #168, I find to be in bad faith and only intended to delay and frustrate the orderly termination of this case. I therefore allow attorneys fees in the amount of $1,125 as a just sanction.”

 Even if the filing of the postjudgment motions had been timely and tolled the time limit for requesting retransfer until after our decision, the defendants’ motion for removal was premature, with the same result.

 Our decision on the appeal of the second motion for sanctions to reduce the damages, Michael’s only success, was a reduction of the amount of the damages, rather than the obvious issue of liability.