# Crystal Construction Corp. *vs.* Michael D. Hartigan & another.[1]

No. 00-P-1737.

Plymouth. September 10, 2002. - October 31, 2002.

Present: Lenk, Kaplan, & Mason, JJ.

*Practice, Civil,* Appeal, Appellate Division: appeal, Removal of case to Superior Court, Frivolous action. *District Court,* Appeal to Superior Court, Removal of case to Superior Court.

The thirty-day period for the defendants in a civil action brought in the District Court to file a proper notice of removal to the Superior Court pursuant to G. L. c. 231, § 104, began to run, at the latest, when the District Court judge dismissed their appeals from the underlying judgment; because the defendants did not file any such notice within thirty days of that event, the judge properly denied their motion for "removal/appeal" to the Superior Court. [328-332]

This court concluded that the Appellate Division committed no error in affirming a District Court judge's allowance in a civil action of the plaintiff's motion to strike the defendants' statement of damages, and also his denial of their various motions to strike the plaintiff's statement of damages, to strike the copy of a separate civil action cover sheet which was attached to the plaintiff's motion to strike the defendants' statement of damages, and to amend, alter, or strike their counterclaims; moreover, this court determined that the Appellate Division could properly conclude that the District Court judge did not abuse his discretion in dismissing the defendants' appeals from the underlying judgment. [332-333]

A District Court judge erred in imposing sanctions on the defendant in a civil action, pursuant to Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974), for filing a motion to dismiss the complaint, where the late timing of the motion to dismiss was not sufficient by itself to warrant a finding of subjective bad faith on the defendant's part in bringing the motion, given the affirmations in his affidavit filed in support of a motion for reconsideration of the motion to dismiss. [333-335]

The Appellate Division abused its discretion in assessing attorney's fees and double costs against the defendant in a civil action for bringing a frivolous appeal, where the appeal with respect to the denial of his motion for "removal/appeal" to the Superior Court was not frivolous, and where the defendant was entitled to prevail on his appeal from the District Court judge's imposition of sanctions on him pursuant to Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974). [335-336]

[1]Susan M. Hartigan.

CIVIL ACTION commenced in the Hingham Division of the District Court Department on January 23, 1995.

The case was heard by *Michael C. Creedon*, J., and posttrial motions were heard by him.

*Michael D. Hartigan*, pro se.

*James D. Baldassini* for the plaintiff.

MASON, J. The defendants, Michael and Susan Hartigan, appeal from a decision of the Appellate Division, Southern District. The decision affirmed the denial by a District Court judge of their motion for "removal/appeal" of the case to the Superior Court pursuant to G. L. c. 231, § 104, following a nonjury trial in the District Court. It also affirmed various other rulings by the same District Court judge, including an award of sanctions against the defendant Michael Hartigan (Michael), an attorney appearing pro se in this litigation, for filing a frivolous pleading, and assessed attorney's fees and double costs against Michael for bringing a frivolous appeal. For the reasons discussed below, we reverse the decision of the Appellate Division to the extent it affirmed the judge's imposition of sanctions on Michael for filing a frivolous pleading and assessed attorney's fees and double costs against him for bringing a frivolous appeal. We otherwise affirm the decision.

*Background.* We set forth in some detail the tangled procedural history of this case in order to place the defendants' various claims in some context. On January 25, 1995, the plaintiff, Crystal Construction Corporation (Crystal), filed a complaint in District Court asserting claims for breach of contract and quantum meruit in connection with the defendants' failure to pay Crystal for certain excavation and site work it had performed on the defendants' home in Milton. It appears from the docket sheet that the plaintiff filed a Statement of Damages with its complaint, as required by Dist./Mun.Cts.Supp.R.Civ.P. 102A (1987).

The defendants filed an amended answer asserting eleven counterclaims, none of which indicated the specific damages that were sought. Following trial, a District Court judge, on March 10, 1998, found for the plaintiff in the amount of $14,459.07 on its claim of quantum merit, and also for the plaintiff on all but one of the defendants' counterclaims. The

judge found for the defendant on the plaintiff's claim of breach of contract. Judgment was entered in accordance with these findings on March 16, 1998.

Thereafter, on March 25, 1998, the defendant Susan Hartigan (Susan) filed a notice of appeal to the Appellate Division. On March 30, 1998, Michael filed motions for clarification, for a new trial, and to amend the judgment. He also filed a notice of appeal to the Appellate Division on April 8, 1998.

On April 28, 1998, the District Court judge heard and denied Michael's posttrial motions. Michael then, on May 6, 1998, filed a notice of appeal to the Appellate Division from the denial of his posttrial motions. On May 8, Susan filed a new notice of appeal to the Appellate Division from the March 16 judgment.

Thereafter, neither Michael nor Susan pursued any one of the three alternative methods of appeal set forth in Dist./Mun.Cts. Appellate Division Appeal Rules 8A-8C (1994) within the time periods specified in those rules. More specifically, the defendants did not file an expedited appeal within twenty days of their notices of appeal, as permitted by rule 8A. Nor did they file an appeal on an agreed statement or an appeal on the record of proceedings within thirty days of their notices of appeal, as permitted by rules 8B and 8C. Michael subsequently submitted an affidavit in which he stated that he had in fact prepared an expedited appeal and delivered it to the office of Susan's attorney with instructions that it be filed within the prescribed twenty-day period, but a secretary in the office had not attempted actually to file the document until one day late and, hence, the document was not accepted by the clerk for filing. Michael further stated in his affidavit that Susan's attorney thereafter participated in "rigorous negotiations" with the plaintiff's attorney to settle the matter but was unable to do so.

On August 3, 1998, Crystal filed a motion to dismiss the defendants' appeals for failure to prosecute them within the prescribed time limits. On October 14, 1998, the judge heard and allowed these motions. Subsequently, on October 26, 1998, both defendants filed further notices of appeal, but once again,

they failed properly to prosecute these appeals.[2] They did, however, send a letter to the court stating that they had sought $8,000 in damages on their counterclaims.

On January 4, 1999, the plaintiff filed motions to dismiss the defendants' then-pending appeals and to strike the defendants' statement of damages. It also filed a motion to impose sanctions on Michael. On January 19, 1999, the defendants countered with several motions of their own, including a motion to allow late filing of a statement of damages for the defendants' counterclaims, a motion to allow the late filing of an appeal under Dist./Mun. Cts. Appellate Division Appeal Rule 8C, a motion to dismiss the plaintiff's complaint for failure to file a statement of damages, a motion to strike a copy of a Norfolk County Superior Court civil action cover sheet[3] which was attached to the plaintiff's motion to strike the defendants' statement of damages, and a motion to impose sanctions on the plaintiff. On January 20, 1999, the plaintiff filed a motion to impose sanctions on Michael for filing the motion to dismiss its complaint, together with an affidavit of its attorney detailing the time and legal fees he had incurred in preparing an opposition to the motion.

After holding a hearing, the judge on January 20, 1999, allowed the plaintiff's motion to dismiss the defendants' then-current appeals and also its motion to strike the defendants' statement of damages. He also allowed, in the amount of $1,125, the plaintiff's motion to impose sanctions on Michael for filing the motion to dismiss its complaint, finding that the motion was "in bad faith and only intended to delay and frustrate the orderly termination of this case." The judge denied each of the defendants' various motions and also the plaintiff's first motion to impose sanctions on Michael.

Thereafter, on January 25, 1999, the defendants for the first

---

[2]Specifically, the defendants filed an expedited appeal pursuant to Dist./Mun.Cts. Appellate Division Appeal Rule 8A but, when the plaintiff filed an objection to this appeal as permitted by rule 8A, the defendants failed to file an appeal on an agreed statement as permitted by rule 8B, or an appeal on the record of the proceedings as permitted by rule 8C. Michael stated in his affidavit that he had "inadvertently missed the timeline for filing his appeal under [r]ule 8C because he was busy helping his two elder aunts and mother deal . . . with the death of his uncle."

[3]The civil action cover sheet was for a different action filed in Norfolk County by the Hartigans against Joseph F. Casna, Jr., a principal of Crystal.

time attempted to file a notice of removal/appeal to the Superior Court pursuant to G. L. c. 231, § 104, but the clerk refused to accept this notice. The defendants then filed a motion for removal/appeal to the Superior Court. Also, on January 27, 1999, they filed a new notice of appeal to the Appellate Division from the rulings the judge had made on January 20, 1999.

On February 4, 1999, Michael filed still further motions, including a motion to strike the plaintiff's statement of damages, a motion for reconsideration of the allowance of the plaintiff's motion for sanctions, a motion for the imposition of sanctions on the plaintiff's attorney, and a motion to amend, alter, or strike his counterclaims. The plaintiff in turn filed a motion for the imposition of further sanctions on Michael. On February 9, 1999, the judge entered orders denying all of these motions, including the defendants' motion for removal/appeal to the Superior Court.

The defendants thereafter filed a further notice of appeal to the Appellate Division from the judge's rulings on February 9, 1999, and that appeal was combined with their earlier appeal from the judge's rulings on January 20, 1999. In response to these appeals, the Appellate Division on January 27, 2000, issued a decision affirming each of the trial judge's rulings on January 20 and February 9, 1999, including his denial of the defendants' motion for removal/appeal to the Superior Court, and also his imposition of sanctions on Michael for filing the motion to dismiss the plaintiff's complaint. See *Crystal Constr. Corp.* v. *Hartigan*, 2000 Mass. App. Div. 32. The Appellate Division further ruled, however, that the amount of the sanctions should be reduced from $1,125 to $862.50 to eliminate certain time plaintiff's attorney had spent before Michael had filed the motion. *Id.* at 35. Acting pursuant to Dist./Mun.Cts. Appellate Division Appeal Rule 25 (1994), the Appellate Division also assessed attorney's fees in the amount of $1,500 and double costs against Michael for bringing a frivolous appeal. *Id.* at 37.

1. *Denial of removal/appeal to the Superior Court.* General Laws c. 231, § 104, provides that where, as here, a claim is originally brought in the District Court, and neither the claim nor any counterclaim exceeds $25,000, then neither the plaintiff nor the defendant may remove the case to Superior Court until

after a trial has been held in the District Court. See *Tynan* v. *Nelson*, 43 Mass. App. Ct. 738, 739-741 (1997). The statute further provides that, in order to obtain such a removal after a trial has been held, a party must file an entry fee and bond "within thirty days after notice of the decision or finding."[4] G. L. c. 231, § 104.

In *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. 161, 165 (1961), the Supreme Judicial Court held that a case initially brought in the Superior Court, but transferred to the District Court for trial pursuant to G. L. c. 231, § 102C, may not be re-transferred to the Superior Court pursuant to the statute after the trial has been held until after "review of all questions of law by the Appellate Division if a report or reports [seeking such review] be sought." In reaching this result, the court reasoned that the right to obtain review of questions of law decided in the District Court by some appellate tribunal was "implicit in the statute," and that, since "procedure by report to the Appellate Division [was] well established and understood," this "must have been what the Legislature intended." *Ibid.*

Subsequently, in *McGloin* v. *Nilson*, 348 Mass. 716, 717-718 (1965), the court explained that where a defendant had filed a draft report following a trial in the District Court, but the report had been dismissed because a copy had not been mailed to the judge "before the close of the next business day after such filing," as required by the then-existing District Court rules, the time for requesting retransfer to the Superior Court began to run from the dismissal of the draft report, rather than from the underlying District Court judgment. In reaching this result, the court, citing *Lubell* v. *First Natl. Stores, Inc.*, *supra*, stated that "[u]ntil the draft report was dismissed its pendency was as effective in preventing the case from being ready for retransfer as in any case where a party is successful in obtaining a ruling from the Appellate Division." *McGloin* v. *Nilson*, *supra* at 719.

The court has held that these decisions are equally applicable

---

[4]Although the statute uses the words "decision or finding," we have recently held that where, as here, a District Court judge makes a finding some time before a judgment is entered, the thirty-day period for requesting removal to the Superior Court will ordinarily begin to run from the time that the judgment is entered in the District Court, rather than the earlier finding. See *Gonzalez* v. *Spates*, 54 Mass. App. Ct. 438, 444 (2002).

to cases being removed to Superior Court under G. L. c. 231, § 104. See *Orasz* v. *Colonial Tavern, Inc.*, 365 Mass. 131, 136 (1974). Apparently relying on these decisions, the defendants claim that their notice of removal/appeal to the Superior Court was in fact timely in this case even though they did not file any such notice until more than thirty days after the District Court judgment had been entered on March 16, 1998. More specifically, the defendants contend that, since their initial notices of appeal to the Appellate Division were timely, they were not required to file any notice of removal to the Superior Court until after their appeals had been finally disposed of by the Appellate Division, which did not in fact occur until January 27, 2000, well after the date when they filed their notice of removal/appeal to the Superior Court.

Under the applicable rules, however, the initial filing of a notice of appeal is only a preliminary "foot in the door," and the appeal may not proceed or be transmitted to the Appellate Division until the party filing the notice has actually selected one of the three available methods set forth in Dist./Mun.Cts. Appellate Division Appeal Rules 8A-8C for bringing such an appeal to the Appellate Division. See commentary to Dist./Mun. Cts. Appellate Division Appeal Rule 4 (1994). Indeed, this is the principal reason why the rules allow only ten days for the initial filing of a notice of appeal. *Ibid.* Where, as here, a party has failed to pursue any of the three available methods of appeal within the applicable time periods, and has also failed to show any good cause for failing to do so, we tend to agree with the Appellate Division that the party's notice of appeal by itself is ineffective to postpone the time for requesting removal of the case to the Superior Court. See *Coen Marine Equip., Inc.* v. *Kurker*, 392 Mass. 597, 602 (1984) (period for removal under G. L. c. 231, §§ 102C and 104, "begins to run only after the judge's decision or finding has been given full force and effect by Appellate Division review, *if requested*" [emphasis added]). Cf. *Slaves of the Immaculate Heart of Mary of Saint Benedict Center, Inc.* v. *Dalton*, 397 Mass. 784, 787-788 (1986) (party's failure without excuse to cause appeal to be docketed in appellate court within prescribed time period rendered party's appeal "nullity" for purposes of suspending effect of underlying

judgment). Otherwise, there would be little incentive to comply with the applicable time periods for choosing and pursuing a particular method of appeal to the Appellate Division.

We need not decide any such question in this case, however, because it is undisputed that the District Court judge in fact dismissed the defendants' appeals from its underlying judgment on October 14, 1998, and that, thereafter, the defendants filed no request for removal to the Superior Court until January 25, 1999, which was more than thirty days after October 14, 1998.[5] While the defendants did file additional appeals to the Appellate Division apparently from the dismissal by the District Court judge of their appeals from the underlying District Court judgment,[6] nothing in either *Lubell* v. *First Natl. Stores, Inc., supra,* or *McGloin* v. *Nilson, supra,* suggests that this is enough by itself to postpone further the running of the thirty-day period for filing a request for removal to the Superior Court, at least where the appeals from the dismissal are unsuccessful, as they were in this case.[7] To the contrary, the court in *McGloin* v. *Nilson,* 348 Mass. at 718, held that the prescribed period for requesting retransfer of the case to the Superior Court began to run after the District Court judge (not the Appellate Division) had dismissed

[5]For the reasons articulated by the Appellate Division in *Associated Chiropractic Service, Inc.* v. *Travelers Ins. Co.,* 1998 Mass. App. Div. 189, 190-191, we have no doubt that the judge had power on his own to order such dismissal where, as here, the defendants' appeals had not yet been transmitted to the Appellate Division. See *Maciuca* v. *Papit,* 31 Mass. App. Ct. 540, 544 (1991) ("Courts have the inherent power to dismiss an action which the plaintiff has not prosecuted diligently.")

[6]The defendants have not included in the record appendix copies of the new notices of appeal they filed after the judge's dismissal of their prior appeals.

[7]We recognize that, if the defendants' appeals to the Appellate Division from the dismissal of their appeals from the underlying District Court judgment had been successful, and their appeals from the underlying judgment accordingly had been reinstated, the time for requesting removal to the Superior Court might have begun to run anew following the decision of the Appellate Division on the reinstated appeals. See *Lubell* v. *First Natl. Stores, Inc.,* 342 Mass. at 165. This does not necessarily mean, however, that the mere filing of an appeal from the dismissal of an appeal by itself can further postpone the running of the thirty-day period for requesting removal of the matter to the Superior Court, even if the appeal is not successful. Compare *Coen Marine Equip., Inc.* v. *Kurker,* 392 Mass. at 602 (time for requesting removal to Superior Court is not extended by timely filing of motion for new trial with District Court, even if that motion for new trial might be successful).

the draft report in that case. The court did not suggest that the running of the prescribed removal period could have been further postponed pending an appeal to the Appellate Division from that dismissal. Compare *Orasz* v. *Colonial Tavern, Inc.,* 365 Mass. at 139-140 (time for requesting removal to Superior Court is not extended pending appeal to Supreme Judicial Court from dismissal of appeal by Appellate Division).

In fact, we think that any such holding would produce absurd results, contrary to well-settled principles of statutory construction. See *Champigny* v. *Commonwealth,* 422 Mass. 249, 251 (1996); *North Shore Realty Trust* v. *Commonwealth,* 434 Mass. 109, 112 (2001). Thus, if the running of the thirty-day removal period could be postponed during an appeal from the dismissal of an appeal, then a party could endlessly delay the running of the thirty-day removal period simply by filing repeated appeals, failing to properly prosecute such appeals, and then appealing from the dismissal of the appeals, as the defendants did in this case. It is difficult to imagine that the Legislature could have intended any such unreasonable result.

We therefore conclude that the thirty-day period for the defendants to file a proper notice of removal to the Superior Court in the present case began to run, at the latest, on October 14, 1998, when the District Court judge dismissed their appeals from the underlying judgment. Because the defendants did not file any such notice within thirty days of October 14, 1998, their motion for removal/appeal to the Superior Court was properly denied.

2. *Certain other alleged errors.* The defendants claim that the Appellate Division erred in affirming the judge's allowance of the plaintiff's motion to strike the defendants' statement of damages, and also his denial of their various motions to strike the plaintiff's statement of damages, to strike the copy of the Norfolk County Superior Court civil action cover sheet which was attached to the plaintiff's motion to strike the defendants' statement of damages, and to amend, alter, or strike their counterclaims. We note that the defendants have stated in their brief that they have appealed these issues only to "bring them to the attention" of the court, and not for any reason having to do with the outcome of the matter. This is not a proper reason

to bring an appeal. See Mass.R.A.P. 16(a)(5), 365 Mass. 861 (1974). In any event, we cannot discern from the materials with which we have been presented that the Appellate Division in fact committed any error in affirming the judge's rulings on each of these various additional motions, and we therefore conclude that there was no such error.

The defendants additionally claim that the Appellate Division erred in affirming the dismissal by the District Court judge of their appeals from the underlying District Court judgment because "circumstances beyond the control of the Hartigans caused the Hartigans to miss the time for filing an Appeal." The defendants refer specifically to the alleged failure by the secretary in the office of Susan's attorney to comply with their instructions to file the defendants' expedited appeal within the twenty-day period specified by Dist./Mun.Cts. Appellate Division Appeal Rule 8A. As we have previously noted, however, the defendants took no action for a period of several months after this alleged error had occurred either to move for an extension of time to file their expedited appeal, as permitted by Dist./Mun.Cts. Appellate Division Appeal Rule 14(b) (1994), or to file an appeal on an agreed statement or an appeal on the record of proceedings as they could have done under Dist./Mun.Cts. Appellate Division Appeal Rules 8B and 8C. Nor have they even asserted a reason for this prolonged inaction other than that they were attempting to obtain a settlement of the action. The Appellate Division could properly conclude in these circumstances that the District Court judge did not abuse his discretion in dismissing the defendants' appeals. See *Bernard* v. *United Brands Co.*, 27 Mass. App. Ct. 415, 418 n.8 (1989).

3. *Imposition of sanctions on Michael for filing a frivolous pleading.* It is now settled that Mass.R.Civ.P. 11(a), 365 Mass. 753 (1974), which permits a judge to impose sanctions on an attorney for a "wilful violation of the . . . rule," incorporates a subjective, rather than an objective, standard. See *Van Christo Advertising, Inc.* v. *M/A-COM/LCS*, 426 Mass. 410, 416 (1998). A judge can impose sanctions under this rule only where an attorney has failed to show "a subjective good faith belief that [a pleading he filed] was supported in both fact and law." *Ibid.* "Good faith includes, among other things, an absence of design to defraud or to seek an unconscionable advantage." *Ibid.*

In the present case, while the judge specifically found that Michael had filed his motion to dismiss the plaintiff's complaint "in bad faith and only . . . to delay and frustrate the orderly termination of this case," it appears from the record that the judge made this finding on the same day, January 20, 1999, as the plaintiff filed its motion for the imposition of sanctions, and without affording Michael any period of time to file a written response to the motion. It also appears in the record that Michael thereafter filed a motion for reconsideration and, in support of this motion, submitted an affidavit in which he detailed his reasons for filing his motion.[8] Michael stated in this affidavit, among other things, that he believed in good faith, based on a telephone inquiry he had made to the clerk's office and a thorough review of his own files, that the plaintiff had not in fact filed or served any statement of damages at the time it filed its complaint, and that, under the decision of the Appellate Division in *Hanlon* v. *Floridia*, 1994 Mass. App. Div. 98, which Michael stated he had just recently discovered, this was grounds for dismissal of the complaint. In *Hanlon* v. *Floridia, supra* at 100, the Appellate Division held that a plaintiff's failure to file a statement of damages at the time he filed his complaint, as required by Dist./Mun.Cts.Supp.R.Civ.P. 102A, was in fact grounds for dismissal of the complaint since the rule explicitly provides that "[n]o clerk-magistrate shall accept for filing any complaint . . . unless it is accompanied by [the required statement of damages form]."

We think that Michael's affirmations in his affidavit were sufficient to withstand the plaintiff's motion for sanctions. See *Van Christo Advertising, Inc.* v. *M/A-COM/LCS, supra* at 418. In reaching this conclusion, we recognize, as did the Appellate Division, that Michael did not actually file his motion to dismiss the complaint in this case until approximately four years after

---

[8]To the extent that the order of the District Court judge imposing sanctions on Michael constituted a judgment, Michael's motion for reconsideration could be considered a motion for relief from such judgment under Mass.R. Civ.P. 60(b), 365 Mass. 828 (1974), and, hence, timely since brought within a "reasonable time" after the entry of such judgment. See Reporters' Notes to Mass.R.Civ.P. 59, Mass. Ann. Laws, Rules of Civil Procedure at 552 (Lexis 1997) (rule 59[e] motions filed more than ten days after entry of judgment are "considered to fall within [Mass.R.Civ.P.] 60[b]").

the filing of the complaint and his answer, and eleven months after the trial in this case had already been held. Nevertheless, we think that Michael could reasonably conclude from the *Hanlon* v. *Floridia* decision that he might raise the plaintiff's apparent failure to file a statement of damages at the time it filed its complaint at any time while the matter was still pending in the District Court, and that a motion to dismiss the complaint was the appropriate means to do so. Indeed, in *Hanlon* v. *Floridia, supra* at 100, the court noted that the plaintiff's failure to file the requisite statement of damages could serve as a "basis for the dismissal of the case," even though, as here, the case had been pending for several years and the defendant had not previously filed a motion to dismiss on that grounds. In the circumstances, we do not think that the late timing of Michael's motion to dismiss was sufficient by itself to warrant a finding of subjective bad faith on his part in bringing the motion.

We therefore conclude that the trial judge abused his discretion in imposing rule 11 sanctions on Michael for filing the motion to dismiss the complaint, and that the decision of the Appellate Division affirming the imposition of such sanctions must be reversed. While we can understand the judge's concern with Michael's apparent inability to comply with the applicable rules, we think that the judge acted too hastily, and without a proper basis, in imposing rule 11 sanctions on him for the particular motion at issue.

4. *Imposition of damages and double costs for bringing a frivolous appeal.* We likewise conclude that the Appellate Division abused its discretion in assessing attorney's fees and double costs against Michael for bringing a frivolous appeal. Rule 25 of the District/Municipal Court Appellate Division Appeal Rules provides that such damages and costs may be awarded only if the Appellate Division determines that an appeal "is frivolous, or that either party has acted in bad faith in proceeding under these rules." "An appeal is frivolous '[w]hen the law is well settled, when there can be no reasonable expectation of a reversal.' " *Avery* v. *Steele*, 414 Mass. 450, 455 (1993), quoting from *Allen* v. *Batchelder*, 17 Mass. App. Ct. 453, 458 (1984).

In the present case, we do not think that Michael's appeal

with respect to the denial of his motion for removal/appeal to the Superior Court was frivolous in light of the court's decisions in *Lubell* v. *First Natl. Stores, Inc.*, 342 Mass. 161 (1961), and *McGloin* v. *Nilson*, 348 Mass. 716 (1965). Also, for the reasons we have stated, we think that Michael was entitled to prevail on his appeal from the judge's imposition of sanctions on him pursuant to Mass.R.Civ.P. 11. In these circumstances, we cannot conclude that the Appellate Division was warranted in imposing attorney's fees and double costs on Michael for bringing a frivolous appeal. See *Sauers* v. *Commissioner of Internal Rev.*, 771 F.2d 64, 70 n.9 (3d Cir. 1985), cert. denied, 476 U.S. 1162 (1986) (appeal was not frivolous even though most of taxpayer's arguments were meritless, where taxpayer did raise genuine issue as to whether statute required assessment of damages before imposition of penalty against taxpayer).

*Conclusion.* The decision of the Appellate Division is reversed to the extent it affirmed the trial judge's imposition of sanctions on Michael for filing a frivolous pleading and assessed attorney's fees and double costs against him for bringing a frivolous appeal. The decision is otherwise affirmed. The plaintiff's request for an award of fees and double costs in connection with this appeal is denied, as not all the defendants' appellate arguments can be said to be without reasonable basis in fact or law.

*So ordered.*